Susan Ellis, for use of W. A. Mynton, for use of H.
Davis, Jr., v. The Agricultural Insurance Company,
Appellant.

*Insurance—Forfeiture for false swearing—Province of court and jury.*

A forfeiture of a policy of insurance ensues as the result of false swear-
ing, in violation of a clause in the contract of insurance by the insured
touching any matter relating to the insurance or the subject thereof
whether before or after the loss, even though the latter does not operate
as a fraud on the company; and where the insured on oath confesses to
previous false swearing knowingly committed, it is error to submit the
case to the jury as to whether the intent was to defraud.

Argued March 21, 1898. Appeal, No. 14, March T., 1898,
by defendant, from judgment of C. P. Huntington County,
Dec. Term, 1895, No. 30, on verdict for plantiff. Before
RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and
PORTER, JJ. Reversed.

Assumpsit on policy of insurance. Before BAILEY, P. J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $555.83. Defendant
appealed.

*Error assigned* among others was (9) refusal of binding in-
structions for defendant.

*Samuel I. Spyker* and *H. H. Waite*, for appellant.—A wil-
fully false statement in the proof of loss, after a fire, of some
pretended losses, will forfeit the entire policy, even though the
actual losses, truly stated, exceed the entire amount of the
policy where it provides for the forfeiture in case of any fraud,
attempt at fraud or false swearing: Dolloff v. Ins. Co., 19
Atl. Rep. 396; Claflin v. Ins. Co., 110 U. S. 81; Ostrander
on Ins. secs. 176, 179.

It is the duty of the insured to furnish a truthful statement
of loss. His representations must be true in fact. The case
should not be submitted to a jury on a theory of honest inten-
tion: Mullin v. Ins. Co., 15 Ins. L. J. 561; Ostrander on Ins.
sec. 176.

In Brown v. Com. Ins. Co., 41 Pa. 192, Mr. Justice WOOD-WARD said with respect to the same question involved in a policy of insurance, that when the insured suffered judgments to be entered against his property under a policy containing a similar provision "it was an infraction of one of the material covenants of the instrument. Can he expect a court of justice to enforce performance of the defendant's covenants when he deliberately violates his own?"

*A. O. Furst* and *W. H. Woods*, with them *John D. Dorris*, and *J. S. Woods*, for appellee.—Proof of loss is not an estoppel. Errors therein can be corrected. The circumstances can be shown, and the rest is for the jury: Insurance Co. v. Kepler, 106 Pa. 28; Weiss v. American Insurance Co., 148 Pa. 349.

A frequent provision in policies is, that any fraud or false swearing by the insured, shall forfeit the insurance. This means intentional fraud and false swearing, regarding a material matter, and the question of intention is for the jury: 7 Am. & Eng. Ency. of Law, 1047; 11 Am. & Eng. Ency. of Law, 301.

And to the same effect is Franklin Fire Insurance Co. v. Updegraff, 43 Pa. 350.

There must be a wilful intent to defraud rather than an innocent mistake, and such intention is for the jury.

OPINION BY PORTER, J., April 26, 1898:

This, happily, is an unusual case. The husband insured the property of his wife against fire. This was followed soon after by a conflagration. The wife was away from home, and the husband was the sole occupant of the house at the time. On the return of the wife, she was, as she testified, convinced that her husband had set fire to the premises. This belief was based on the fact that so many of her household goods had been removed and saved, and on a remark he had made to her a few months preceding, which had awakened her suspicions. Notwithstanding these facts, she furnished a sworn proof of loss to the Insurance Co. in which she says nothing of her belief that the fire was due to the incendiary act of her husband; in which she includes a number of articles as destroyed which she in fact knew to have been saved; in which she in-

cluded articles which she in fact never owned, and in which she failed to include a list of the incumbrances on the property as required by the policy. She follows this up on the trial of her husband for arson, and on the first trial of the suit against the Insurance Co. with testimony of a like tenor.

Subsequently, she became stricken in conscience as to her untruthful statements, and went to the district attorney and confessed her perjury. A new trial was ordered, and on the trial now under review, she testifies to the falsity of her affidavits and former testimony, and that she knew they were false when made and given.

The policy in this case contains these provisions: "This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof whether before or after the loss."

Under these provisions, and in view of the facts above stated, the court below submitted the case to the jury. We cannot see how this can be sustained. Insurance companies are entitled to the enforcement of the provisions of their policies. If these provisions are violated, especially in respect to matters referred to the conscience of the insured, it is the duty of the court to see that the violations are followed by the proper forfeiture of right.

The plaintiff's conduct has not been such as to entitle her to have the cause submitted to a jury upon the question of honest intention. Whatever might have been the character and conduct of her husband, her own course cannot be justified to the extent of permitting a recovery in this action. This is not the case of a mistake of statement in the proof of loss unwittingly or ignorantly made. Such mistakes are open to correction. Here the sworn misstatements are made and repeated on the witness stand, with knowledge that they are untrue. The guilty knowledge determines the fraudulent intent. While her repentance may be a salve to conscience, it cannot revivify a claim against the Insurance Co. which her former acts had deprived of life. The testimony in the cause

warrants the severest condemnation of the conduct of the husband, but he is not the plaintiff in this case.   While the plaintiff's conduct may have been determined by fear of her husband to an extent to appeal to sympathy, she cannot thereby be exonerated from the results of her wrongful acts, committed and repeated, nor can it be found to be a good reason for compelling an insurance company to pay that which bears the impress of a fraudulent claim.

The clause above quoted not only vitiates the policy, " in case of any fraud," but also in case of " false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after the loss."   Here the insured confesses on oath to previous false swearing, and that it was knowingly committed.   The fact of false swearing is thus proven, and where perjury is thus knowingly committed, the question cannot be submitted to the jury whether the intent was to defraud.   The intent is demonstrated not only by the acts of the insured but by her admissions.

The authorities cited by the appellee do not conflict with this conclusion.   They sustain the propositions that proofs of loss in which honest mistakes have been made are open to explanation, as in Lebanon, etc., Co. v. Kepler, 106 Pa. 28, where an insured was permitted to recover upon a higher valuation than that contained in the proofs of loss.   The case is ruled by Claflin v. Ins. Co., 110 U. S. 76, where under a clause similar to that in this case, it was held that a forfeiture of the policy ensued upon false swearing, even though the latter did not operate as a fraud on the company.

We therefore put the reversal of the case upon the ground of the false swearing of the insured contained in the proofs of loss, and in the suit to recover the insurance.   The other propositions raised need not be discussed.   We are of opinion that the learned judge erred in not directing a verdict for the defendant.

The ninth assignment is therefore sustained, and the judgment reversed.