## Reiter, Appellant, *v.* Michigan Commercial Insurance Company.

*Insurance—Fire insurance—Fraud—Affidavit of defense.*

In an action on a policy of fire insurance which provided that the entire policy should be void "in case of any fraud or false swearing by the insured touching any matter relating to this insurance," an affidavit of defense to a statement specifically charging the loss is sufficient, which charges that the plaintiff on the date that proofs of loss were executed, falsely swore that the loss sustained was $2,600, while in fact the value of the property destroyed did not exceed $700.00.

Argued March 4, 1915. Appeal, No. 34, Jan. T., 1915, by plaintiff, from order of C. P. Lackawanna Co., Jan. T., 1915, No. 34, discharging rule for judgment for want of a sufficient affidavit of defense in case of Louis Reiter *v.* Michigan Commercial Insurance Company. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit on a policy of fire insurance.

588 REITER, Appellant, *v.* MICHIGAN COM. INS. CO.

Statement of Facts—Assignment of Error. [61 Pa. Superior Ct.

.The statement of claim contained an itemized list of the goods alleged to have been destroyed.

The material portions of the affidavit of defense were as follows:

First.—That the policy of insurance on which suit is instituted in this case provides inter alia:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

That after the loss by fire referred to in the plaintiff's statement the plaintiff furnished to defendant company proofs of loss wherein he made an affidavit that the value of the insured goods destroyed by fire was two thousand seven hundred and forty-five ($2,745.00) dollars, and the actual loss sustained thereon was two thousand six hundred and forty-five ($2,645.00) dollars; that said statement was false and untrue and a misrepresentation, as your deponent is informed and believes and expects to be able to prove on the trial of this case, under the terms of the policy, for the reason that the value of the property destroyed by fire was not in excess and did not exceed the sum of seven hundred ($700.00) dollars, which figure is giving the plaintiff the benefit of a liberal appraisement.

Second.—By reason of said false swearing and misrepresentation said defendant is not liable to the plaintiff in this case in any sum of money whatever.

The court discharged a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Will N. Leach,* with him *Lee P. Stark,* for appellant,

cited: Post v. American Central Ins. Co., 51 Superior
Ct. 352; Jacoby v. Westchester Fire Ins. Co., 10 Pa.
Superior Ct. 171; Jacoby North British, Etc., Ins. Co.,
10 Pa. Superior Ct. 366.

*Ralph W. Rymer,* for appellee, cited: Sechrist v. Co-
doms, Etc., Mut. Ins. Co., 7 Pa. Superior Ct. 246; Moore
v. Susquehanna Mut. Fire Ins. Co., 196 Pa. 30.

OPINION BY KEPHART, J., November 22, 1915:
This is an appeal from the refusal of the court below
to enter judgment for want of a sufficient affidavit of de-
fense.　The policy of insurance covered a stock of gen-
eral merchandise, consisting of flour, feed, dry goods,
groceries, furniture, hardware, etc.　The particular para-
graph of the policy upon which the defense is founded is
as follows: "This entire policy shall be void if the in-
sured has concealed or misrepresented, in writing or
otherwise, any material facts or circumstance concern-
ing this insurance or the subject thereof; ......or in
case of any fraud or false swearing by the insured touch-
ing any matter relating to this insurance or the subject
thereof, whether before or after a loss."

The last clause of this paragraph sets up two distinct
grounds, which, if in existence, would avoid the policy.
"Fraud" and "false swearing" are essential features
which will avoid a policy of insurance where found to
exist with a dishonest motive.　As was said in Ellis v.
Agricultural Insurance Co., 7 Pa. Superior Ct. 264:
"Under these provisions, and in view of the facts above
stated, the court below submitted the case to the jury.
We cannot see how this can be sustained.　Insurance
companies are entitled to the enforcement of the pro-
visions of their policies.　If these provisions are violated,
especially in respect to matters referred to the conscience
of the insured, it is the duty of the court to see that the
violations are followed by the proper forfeiture of right."

The first and second paragraphs of the affidavit of de-

fense charge fraud, false swearing and misrepresentation; that the defendant "is informed and believes and expects to be able to prove" that plaintiff's averment that the goods destroyed by fire were worth $2,745, and the actual loss sustained was $2,645, was false and untrue and a misrepresentation; and that the value was not in excess of the sum of $700, and by reason thereof the plaintiff was not entitled to recover in any sum whatever. The defense is planted squarely on the ground of false swearing and fraud, if the facts on which they rely are sufficiently averred. It is not a contest to reduce the value of the goods lost to their true value but is a denial of all liability. The affidavit specifically charges that the plaintiff, on the date the proofs of loss were executed, falsely swore that the value was a sum of money grossly in excess of the real value. The disproportionate amount between the value claimed and the real value was sufficient evidence, if believed by the jury, to charge the plaintiff with swearing falsely with a fraudulent motive. It is a positive averment of an act done which indicates fraud but it is not conclusive. The difference in value being so great we cannot say that this is one of those clear cases in which the court below erred in refusing judgment for want of sufficient affidavit of defense: Beck v. Schekter, 235 Pa. 253.

The assignments of error are overruled and the appeal is dismissed at the cost of appellant without prejudice, etc.