IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

### EASTERN DISTRICT—PHILADELPHIA, 1882.

## Heath's Appeal.

1. A., being the holder of a judgment against B., issued a fi. fa. thereon· directed against certain lots of ground, whereof B. was seised. The sheriff's sale was duly advertised, but prior to its occurrence, A. and B. entered into a parol agreement that all the lots should be sold together to A. for a nominal sum, and that a sheriff's deed should be executed to him therefor. It was further understood, that if, within a time certain, B. should tender to A. the amount of the judgment, A. would transfer to B. the title to the lots. At the sale, the attorneys of A. and B. deterred parties from purchasing by representing that the sale was in the defendant's interest. The lots were sold to A., collectively, for a nominal sum, and a sheriff's deed was executed to him therefor. B., in pursuance of his ·agreement, paid part of the costs of the ·sheriff's sale. Subsequently, within ·the time ·stipulated, B. tendered to A. the amount of the judgment, and demanded a transfer of the title to the lots, which A. refused to make. B. thereupon filed a bill in equity against A. setting forth the foregoing facts, and praying for an account, and a conveyance of the title to the lots. *Held,* that a court of equity would grant the relief prayed for.

2. Dollar Savings Bank *v.* Bennett, 26 P. F. Smith 402, distinguished. Sweetzer's Appeal, 21 P. F. Smith 264 and Christy *v.* Sill, 11 Pitts. Leg. J. (N. S.) 101, followed.

February 20th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

APPEAL from the Court of Common Pleas of *Lackawanna county :* Of January Term 1882, No. 272.

4 OUTERBRIDGE.—1.

This was an appeal by William H. Heath from a decree of the said court sustaining a demurrer to, and dismissing a bill in equity filed by him against Joseph Slocum.

The facts of the case, as set forth in the bill in equity, were substantially as follows. On March 12th 1878, William H. Heath, being seised of five several lots of ground in the city of Scranton, gave a judgment note for the sum of $6240 to Joseph Slocum. Said judgment note was the same day entered up, constituting a lien upon the five several lots aforesaid.

At various times Heath paid to Slocum on account of said judgment the sum of $480. In or about the month of August 1879, Heath caused a writ of fieri facias to be issued on said judgment, directed against the five several lots of ground aforesaid. The sheriff duly levied upon the said lots and advertised the same to be sold on August 9th 1879.

Prior to this date, however, Heath entered into a parol agreement with Slocum, whereby it was understood that the lots should be sold collectively, and should be bid off at a nominal sum for Slocum, that a sheriff's deed should be made to him therefor, and that he should continue to hold the title to said lots as security for the unpaid portion of the purchase money. It was further understood, that if said Heath should tender to Slocum the unpaid portion of said judgment within ninety days after the acknowledgment of the sheriff's deed, Slocum would thereupon transfer the title to said lots to Heath or his nominee.

The sheriff's sale took place as advertised. The attorneys of both Heath and Slocum deterred persons present at the sale from bidding, by representing that the sale was for the protection of the defendant, and in pursuance of an arrangement between him and the plaintiff. The lots were all sold collectively for the gross sum of $360, and a sheriff's deed was therefor executed to Slocum. Heath, in pursuance of his agreement, also furnished $90 in money for the purpose of paying the costs of the sheriff's sale.

Subsequently, within ninety days of the acknowledgment of Slocum's deed, Heath tendered to him the unpaid balance on the judgment, and demanded a transfer of the title to the lots, which Slocum declined to make, whereupon the present proceeding was instituted.

The bill prayed that the sheriff's deed to Slocum be decreed to be a mortgage, that an account be taken of the balance due upon the judgment, and that upon payment by Heath of said balance, Slocum be decreed to transfer and convey to Heath, all his right, title and interest in and to the lots in question.

Defendant demurred to the whole bill on the ground that it set forth no cause of action. The court, after argument, in an opinion by HANDLEY, P. J., sustained the demurrer and entered

a decree dismissing the bill. The complainant thereupon took this appeal, assigning for error the decree of the court.

*H. M. Edwards* (with whom was *S. B. Price*), for the appellant.—Slocum took the land through the confidence of Heath that he would fulfill his agreement. He cannot retain it without bad faith and fraud; equity will not permit one to hold a benefit derived through fraud: Sheriff *v.* Neal, 6 Watts 540; Boynton *v.* Housler, 23 P. F. Smith 453; Morey *v.* Herrick, 6 Harris 128; Plumer *v.* Reed, 2 Wright 46; Cook *v.* Cook, 19 P. F. Smith 443; Hoffman *v.* Strohecker, 7 Watts 86; McKennan *v.* Pry, 6 Watts 137; Gilbert *v.* Hoffman, 2 Watts 67; Smull *v.* Jones, 1 W. & S. 138; Jackson *v.* Sommerville, 1 Harris 369; Martin *v.* Gernandt, 7 Harris 128; Beegle *v.* Wentz, 5 Smith 369.

It is admitted in this case that the sale was made under an agreement that Slocum should buy the property at a nominal sum, and hold it to secure the payment of his judgment; and at the sale the attorneys of both parties represented that the sale was an arrangement for the protection of the appellant. The sheriff's deed to Slocum is therefore a mortgage, or a trust ex maleficio arises: Sweetzer's Appeal, 21 P. F. Smith 264; Boynton *v.* Housler, 23 Id. 458; Seichrist's Appeal, 16 Id. 237; Cook *v.* Cook, 19 Id. 443; Danzeisens' Appeal, 23 Id. 65.

The fact that Heath agreed to pay and actually did pay part of the costs, further impresses this character on the transaction: Hiester *v.* Maderia, 3 W. & S. 384; Kisler *v.* Kisler, 2 Watts 323; Robertson *v.* Robertson, 9 Watts 36; Haines *v.* O'Connor, 10 Watts 313; Blyholder *v.* Gilson, 6 Harris 134.

It is well established in Pennsylvania that where a purchaser at sheriff's sale obtains title for less than the value of the property, and prevents bidding by representing that he is purchasing for the defendant under an agreement with him, and there is such agreement, upon which the defendant relied, his conduct is calculated to do injury to the defendant, and he cannot reap the benefit of such conduct. He becomes a trustee for the person who has been deceived: Stewart *v.* Brown, 2 S. & R. 461; Brown *v.* Dysinger, 1 Rawle 413; McKennan *v.* Pry, 6 Watts 137; Seylar *v.* Carson, 19 P. F. Smith 81; Kellum *v.* Smith, 9 Casey 158; Haines *v.* O'Conner, 10 Watts 313.

*John P. Albro* and *A. Ricketts*, for the appellee.—The alleged agreement was without consideration, and cannot therefore be enforced: Whitehill *v.* Wilson, 3 P. & W. 405; Kennedy's Executors *v.* Ware, 1 Barr 445; Campbell's Estate,

7 Barr 100 ; Shorb's Executors *v.* Schultz, 7 Wright 207 ; Dollar Savings Bank *v.* Bennett, 26 P. F. Smith 402.

In order to give jurisdiction in equity, something more must be shown than a mere breach of a parol agreement: Haines *v.* O'Connor, 10 Watts 313 ; Kellum *v.* Smith, 9 Casey 158 ; Barnet *v.* Dougherty, 8 Casey 371.

As to the necessity of regarding the distinction between cases of equity jurisdiction, and those wherein parties have a right to a trial in the regular forms at law, see North Pa. Coal Co. *v.* Snowden, 6 Wright 488 ; Schlecht's Appeal, 10 P. F. Smith 172 ; Clark's Appeal, 12 Id. 447 ; Norris' Appeal, 14 Id. 275 ; Tillmes *v.* Marsh, 17 Id. 507.

The only thing presented which even approaches a case of equity jurisdiction is the charge that bidders were prevented from purchasing at the sheriff's sale. But it will be observed that it is nowhere charged that appellee made any statements whatever, nor that he was even present at the sheriff's sale. Nor is the charge of what did occur sufficiently definite to fix any liability ; whether the representation alleged was made by appellant's attorney or by appellee's attorney, does not appear. Moreover, the whole of the alleged representation is "that the sale was in pursuance of an arrangement." Clearly there was nothing in this to fasten a trust upon appellee.

We understand the case to be fully decided in favor of appellee by the cases of Blyholder *v.* Gilson, 6 Harris 134 ; Dollar Savings Bank *v.* Bennett, 26 P. F. Smith 402 ; Carhart's Appeal, 28 P. F. Smith 100.

Mr. Justice PAXSON delivered the opinion of the court, February 27th 1882.

The court below sustained the demurrer and dismissed the plaintiff's bill, upon the ground that it sets forth no such cause of action as entitled him to be heard in a court of equity.

If the bill had set forth a mere naked agreement on the part of Slocum, the purchaser at the sheriff's sale, to hold the property purchased at said sale, with his own money, for the benefit of Heath, the appellant, the case would have been within the ruling in Dollar Savings Bank *v.* Bennett, 26 P. F. S. 402. There are averments in the bill, however, which take it out of this line of cases. They are, 1st, that by means of the arrangement referred to, persons present at the sale were prevented from bidding ; a bid on one of the pieces of land was withdrawn, and all the pieces were allowed to be sold collectively for a nominal sum. 2d. That in pursuance of an agreement to that effect, the appellant furnished a portion of the money necessary to pay the costs of the sheriff's sale. Here is something more than a naked promise to hold the property in trust for Heath. Other

[Gilroy's Appeal.]

bidders were silenced because they were told that Slocum was buying for the defendant in the execution; several properties which the law required to be sold separately were put up and sold in a lump, for a nominal sum, while the costs of the sale were in part paid by Heath. We think the facts as set forth in the bill bring the case within the principle of Sweetzer's appeal, 21 P. F. S. 264, where a sheriff's deed was held to be a mortgage, and the grantee named therein a trustee for the man whose land he had bought at sheriff's sale; and the more recent case of Christy v. Sill, 11 Pittsburgh Legal Journal (N. S.) 101, where the purchaser at sheriff's sale, who had falsely represented at said sale that he was bidding for the family, and by means of this and other fraudulent representations induced other parties not to bid, and procured the propery to be knocked down to him for a less sum than its value, was held to be a trustee ex maleficio for the parties thus defrauded.

We are of the opinion that it was error to sustain the demurrer.

　　　· Decree reversed at the costs of the appellees, and a procedendo awarded.