## Seeds v. Franklin et ux.

*David H. Frantz* and *Raymond K. Denworth*, of Dickson, Beitler & McCouch, for plaintiff.

*E. Le Roy Van Roden*, for defendants.

MacDade, J., February 24, 1931.—The plaintiff has filed a bill in equity against the defendants based upon fraud, setting up therein, *inter alia*, the following:

(a) That the defendant John M. Franklin, also known as John M. Kramer, represented to the plaintiff, Flora Kirk Seeds, that Franklin was one J. M. Kramer; that Pecano Manufacturing Company was a subsidiary of Keystone Pecan Company; that the Pecano Company was about to merge or consolidate with either Gold Dust Corporation or Postum Company, Inc., as a result of which the value of the stock of the Pecano Company would be greatly enhanced; that Franklin was authorized to represent and was representing the Pecano Company in offering for sale on its behalf a part of its original stock issue and that all of the moneys received from the sale of such stock would constitute a part of the assets of the Pecano Company; that the Keystone Company, in which company Mrs. Seeds at the time owned certain stock, had declared certain dividends and that in order to subscribe for stock of the Pecano Company it was first necessary for Mrs. Seeds to become a stockholder in the Keystone Company.

(b) That each of the representations made by Franklin constituted a material representation; that Mrs. Seeds believed the statements and representations made by him to be true, and that in reliance upon the same she was induced to purchase, and did purchase, through Franklin certain stock of the Keystone Company and also of the Pecano Company.

(c) That Mrs. Seeds in payment for the stock so purchased delivered to Franklin certain sums of money, stocks, bonds, securities and property at certain values mutually agreed upon between them, aggregating approximately $52,300.

(d) That in fact not one of the said statements and representations made by Franklin to Mrs. Seeds was true, but all were falsely and fraudulently made by Franklin, knowing them to be untrue, and for the purpose of deceiving Mrs. Seeds and inducing her to purchase the said stock of the Keystone Company and of the Pecano Company which she was induced to buy in reliance upon Franklin's representations, which she believed to be true and which proved to be untrue and false, and which Franklin knew to be untrue at the time he made the statements to her, and to her detriment and prejudice.

(e) That upon learning of the falsity of the said statements and representations made by Franklin, Mrs. Seeds gave notice thereof to Franklin, rescinded the various agreements and transactions pertaining to the purchase and exchange of the said stocks, bonds and securities, etc., demanded repayment and delivery to her of all of the said moneys, stocks, bonds and property so paid and delivered by her to Franklin, and offered to turn over to Franklin all of the stock of the Keystone Company and of the Pecano Company that she had received from Franklin in the said transactions.

(f) That Franklin has refused to turn back to Mrs. Seeds any of the moneys, stocks, bonds and other property so received by him from her.

(g) That Franklin converted to his own use the moneys, stocks, bonds and other property so paid, transferred and delivered to him by Mrs. Seeds, and that with a part of the proceeds thereof he purchased certain property known as No. 651 Church Lane, Yeadon, for the sum of $21,000.

(h) That the said property was purchased by Franklin from one Julie E. Woods, and at Franklin's request was conveyed by her to one Thomas H. Maney, Jr., as a strawman or trustee for Franklin; thereafter, at the direction of Franklin, it was conveyed by the strawman unto Abigail M. Mulvey, who in fact is the defendant Abigail M. Franklin, wife of the said John M. Franklin; that the full consideration for the said property and for both conveyances was furnished and paid by Franklin; that it was so paid by him out of the moneys, stocks, bonds and other property received by him as aforesaid from Mrs. Seeds, and that Franklin made settlement for the said property by paying the previous owner, Julie E. Woods, the sum of $9000 in cash and by taking the property subject to an existing mortgage of $12,000.

(i) That Mrs. Seeds has demanded of both defendants conveyance to her of the said premises, No. 651 Church Lane, Yeadon, subject to the said mortgage of $12,000, but the defendants have refused to transfer and convey the said property to Mrs. Seeds, the plaintiff.

The prayers of the bill are for discovery, an accounting, and, pending the proceedings, for an injunction restraining the defendants with respect to the real estate.

Each of the defendants has filed preliminary objections to the bill, which objections are now before us for consideration and determination.

Defendants' preliminary objections may be grouped under two headings:

1. That plaintiff has a full, complete and adequate remedy at law.

2. That the defendants should not be required to answer the facts averred in plaintiff's bill because defendants have a full and complete defense to plaintiff's claim, not requiring the production of evidence to sustain it.

The first objection is based on Equity Rule 48, clause 6, and the second objection is evidently based on Equity Rule 48, clause 7.

We shall treat the preliminary objections in the order in which they appear above.

1.

Under the facts averred, plaintiff does not have a full, complete and adequate remedy at law.

(a) Equity grants relief in cases of fraud.

In general, in cases of fraud where one party has been induced by another to act to his detriment, equity will take jurisdiction and grant relief to the injured party: Audenreid's Appeal, 89 Pa. 114.

In that case, a bill in equity was filed charging conspiracy to defraud plaintiff's testator and praying that certain contracts entered into between plaintiff's testator and defendant be declared void. Defendant through fraud and misrepresentation had induced plaintiff's testator to transfer certain shares of stock. His false representation was that he controlled a considerable amount of the stock of a certain company and had the sole privilege of disposing of said stock. As a matter of fact, defendant had no interest in the company whatsoever. Held, judgment for plaintiff. The agreement between defendant and plaintiff's testator was set aside as void.

See, also, Rutherford Water Co. v. Harrisburg, 297 Pa. 33, Williams v. Finlaw, Mueller & Co., 292 Pa. 244, and Bierbower's Appeal, 107 Pa. 14, wherein a bill in equity was instituted in which it was averred that defendant through fraudulent representations had obtained absolute assignment of certain judgment notes. The bill prayed for an account and a decree that the defendants pay the complainant a certain sum with interest and further relief. The defendants demurred on the ground that the complainant had an adequate remedy at law by an action of assumpsit. The Supreme Court, in reversing the lower court, sustained the plaintiff's bill and granted relief against the fraudulent defendant.

As to the general powers of equity in granting relief in a case of this kind, the court said: "Granted that an action of assumpsit would lie . . . it does not therefore follow that the chancery side of the court has no jurisdiction. Jurisdiction in equity depends not so much on the want of a common law remedy as upon its inadequacy, and its exercise is a matter which often rests in the discretion of the court; . . . But in addition to this there is a charge against another party, not in the original transaction, who assisted in the fraudulent disposition of the collaterals and their proceeds. In this view of the case, certainly no adequate . . . remedy can be found except in equity. . . . The equitable remedy may be adopted solely on the ground that it is more convenient than an action of assumpsit . . . admitting the possibility of compelling the defendants to answer jointly in the action of assumpsit for the disposition of the collaterals in controversy, yet we may safely assert that the remedy thus proposed would be neither the most certain nor the most convenient."

Sutton v. Morgan, 158 Pa. 204, holds that in a bill in equity to rescind a contract for sale of real estate, where the vendee of certain real estate was induced to purchase the land at twice its value through false representations of the vendor's agents to the effect that there was a large demand for building lots on the land, that a railroad company was about to move its shops to the neighborhood, that a syndicate of capitalists had been formed to secure the land, and that a certain large sum had been offered for said land, the contract of sale should be rescinded and the return of the purchase money and the cancellation of a mortgage be decreed.

Wagner *v.* Fehr, 211 Pa. 435, is also most pertinent in the application of legal and equitable principles to the averments in the bill in equity in the case at bar. There a bill in equity for reconveyance of real estate was filed, averring that plaintiff was induced to convey his real estate to one of the defendants for a part consideration of cash and the balance in the stock of a corporation which was worthless, due to false representations of the defendant to the effect that the stock was worth much more than it actually was and that other parties were willing to take the same stock at the same price. The defendant demurred to the bill on the ground that the plaintiff had a full, complete and adequate remedy at law. *Held,* equity had jurisdiction, relief granted, reconveyance of the real estate to plaintiff decreed, and defendants compelled to accept the retransfer of the stock.

As to the general powers of equity in cases of fraud, the court said: "In cases of fraud, where the remedy at law is inefficient and inadequate to do complete justice between the parties, the court will not refuse to exercise its chancery jurisdiction. . . . 'Apart from statutory limitations, the better opinion would seem to be that the cognizance of every case of fraud, . . . belongs to the court of chancery even though there may be a complete remedy at law.' . . . [page 438].

" 'A court of equity, in all cases of actual fraud, has a concurrent jurisdiction with a court of law in remedying the fraud; and the remedy in equity is frequently more beneficial than at law, by means of its power to compel discovery and to cause fraudulent deeds and securities to be cancelled or conveyances to be made, thus effectually putting an end to future litigation.' . . . 'The defendants having sold and conveyed the lands to another, the plaintiff is not for that reason without remedy [in equity]. . . . Where a defendant has put it out of his power to make a conveyance which otherwise the court would have decreed, by conveying the premises to another, the plaintiff may elect to treat the purchase money received by him as the measure of damages.' . . . [page 442]

" 'It is such injury as will be redressed by equity to obtain from an owner, by a false representation of a fact which he deems material, property he would not otherwise have parted with upon the terms which he is thus induced to accept.' " [pages 441-442].

Further cases showing that equity will assume jurisdiction notwithstanding the existence of a remedy at law are cited below.

Appeal of The Brush Electric Co., 114 Pa. 574. In reversing the decree of the court below on a bill in equity to restrain defendant from proceeding in violation of a contract, the Supreme Court said: "Equitable jurisdiction does not depend on the want of a common law remedy, for whilst there may be such a remedy it may be inadequate to meet all the requirements of a given case, or to effect complete justice between the contending parties, hence, the exercise of chancery powers must often depend on the sound discretion of the court, . . . so a bill may be sustained solely on the ground that it is the most convenient remedy." (Page 585.)

Independent B. & L. Ass'n *v.* Real Estate Title Co., 156 Pa. 181, was a bill in equity for cancellation of satisfaction of a mortgage. The agent of defendant had fraudulently entered the satisfaction of a mortgage to the detriment of plaintiff. In granting relief to the plaintiff, the court held that equity had jurisdiction, notwithstanding the additional remedy. at law by assumpsit. "Relief in a clear subject of equity jurisdiction [as in a case of fraud], is not barred by the existence of a remedy at law, even if . . . that remedy [under the particular facts of the case] could be considered adequate." (Page 194.)

Conemaugh Gas Co. *v.* Jackson Farm Gas Co., 186 Pa. 443, was a bill in equity for specific performance of a contract. The court held, in decreeing specific performance: "A bill in equity may be sustained solely on the ground that it is the most convenient remedy: . . . . especially . . . . where the remedy afforded by a court of law is obviously inconvenient and of doubtful adequacy." (Syllabus.)

(b) Defendant John M. Franklin is a trustee *ex maleficio.*

One who acquires land or other property by fraud, misrepresentation, imposition or concealment is in equity regarded as a trustee for the party who suffers by reason of the fraud and in cases of this character equity will impress a constructive trust upon the property so acquired in favor of the person equitably entitled thereto: 39 Cyc. 172.

The following cases illustrate this principle of law.

Christy *v.* Sill et al., 95 Pa. 380. Ejectment under the Act of April 22, 1856, P. L. 532. The plaintiff's right to recover depended upon whether or not one Hill had ever had valid title to the property in question and whether Hill had obtained title to said property through fraud and misrepresentation. If it could be shown that Hill was a constructive trustee through his fraud, under the act the case would be outlawed by the statute of limitations and judgment would have to be for the defendant. *Held,* judgment for defendant. Hill was a trustee *ex maleficio.* Paxson, J., said, at page 386: "It may be said, as a general proposition, that whenever a person has obtained the property of another by fraud, he is a trustee *ex maleficio* for the person so defrauded. . . . having perpetrated a fraud and by means thereof obtained the property of another, equity will not permit him to enjoy the fruits of his fraud, but will hold him to have been a trustee for the rightful owner."

See, also, Tetlow *v.* Rust, 227 Pa. 292; Luther *v.* Luther, 226 Pa. 144; Heath's Appeal, 100 Pa. 1.

In Luther *v.* Luther, 216 Pa. 1, 8, where defendant was held to be a trustee *ex maleficio,* the court said: "By not telling the whole truth and withholding from her [plaintiff] what she most desired to know, the artifice and deception were practiced upon her."

(c) Equity will follow the trust fund into the hands of a donee.

If a trustee converts the trust funds or property into other species of funds or property in violation of his trust, the *cestui que trust* may follow the same and enforce the trust against the proceeds in the hands of the trustee or against other property in which such proceeds have been invested, so long as the proceeds can be distinctly traced and identified, and the rights of innocent third parties have not intervened. This rule applies to real estate purchased by a trustee in his own name with trust funds, whether the contract for the purchase is executed or executory. A third person who acquires the trust property, in violation of the trust, whether as a purchaser or otherwise, without giving a valuable consideration therefor, or, although he gives a valuable consideration, does so with actual or constructive notice of the trust, stands in the same position as the trustee, and the trust property, if it can be sufficiently identified, may be followed and impressed with the trust in his hands. And this rule applies, into whosoever's hands the property may come, so long as it can be distinctly traced and identified, either in the original or substituted form, until it comes into the hands of one who stands in the position of a bona fide purchaser for value and without notice: 39 Cyc. 545.

Pierce *v.* McKeehan, 3 W. & S. 280. "The conversion of a trust fund into money, and from money into land, does not divest the trustee of his fiduciary character, and a court of chancery will follow the fund for the benefit of the cestui que trust wherever it can be identified."

Sadler's Appeal, 87 Pa. 154. Bill in equity to compel redistribution of assets of an insolvent bank. The auditor had wrongfully allotted certain assets to the depositors which rightfully belonged to creditors. *Held*, the creditors were entitled to participate in the distribution of the fund. Said the court: "If any property in its original state and form is covered with a trust in favor of the principal, no change in that state and form can divest it of such trust, . . . or give the . . . trustee converting it, . . . any more valuable claim in respect to it than they respectively had before such change. . . . In accordance with this principle . . . equity will follow a trust fund through every transmutation for the benefit of the cestui que trust." (Page 158.) See also, O'Neill *v.* O'Neill, 227 Pa. 334.

Kern *v.* Smith, 290 Pa. 566. Bill to compel conveyance of real estate. Defendant had purchased for plaintiff certain real estate with money furnished by plaintiff and had wrongfully taken title in name of his wife, codefendant. *Held*, judgment for plaintiff. The wife held the property subject to a resulting trust for the benefit of those who paid the purchase money. "This court has repeatedly held that when title to land is taken in the name of one person but is paid for with the money of another, a trust in favor of the latter results by implication of law."

## 2.

Have the defendants in their preliminary objections to the bill shown that they should not be required to answer the facts averred in plaintiff's bill?

(a) Consideration of Equity Rule 48.

The rules of equity practice as adopted by the Supreme Court of Pennsylvania, with respect to preliminary objections to the bill, provide, *inter alia*, as follows:

"Rule 48. On or before the date fixed for filing an answer on the merits, . . . the defendant may, by answer filed, . . . preliminarily object to the bill for one or more of the following reasons: . . . (7) that, for any other reason, defendant should not be required to answer the facts averred, since he has a full and complete defense to plaintiff's claim, specifically stated, which does not require the production of evidence to sustain it."

The defendants in their preliminary objections have shown no reason coming within the scope of Rule 48 (7). They have not "specifically stated" a "full and complete defense . . . which does not require the production of evidence to sustain it." The defendants have undertaken to question the sufficiency of the plaintiff's averments instead of raising such a defense as requires no evidence to establish it. This is not the proper function of a preliminary objection to the bill."

Hershey et al. *v.* The Brotherhood's Relief and Compensation Fund et al., 31 Dauphin 50 (1927). (Syllabus.) "An answer raising the question of the sufficiency of the averments in a bill of equity is not within the purview of subdivision 7 of Equity Rule 48.

"Equity Rule 48 contemplates a defense to the claim and not an allegation of the weakness or insufficiency of the averments of the bill to sustain the action."

(b) Defendant John M. Franklin's alleged reasons for failing to file an answer.

We shall now consider seriatim the reasons so assigned by defendants for their not being required to answer the facts averred by plaintiff. These alleged reasons appear in sub-paragraphs (a) to (g), inclusive, under paragraph two of the preliminary objections filed by John M. Franklin.

Paragraph (a) of said defendant's objection No. 2. This simply reiterates his objection No. 1, and denies the right to come into equity in a case of fraud and misrepresentation, to recover specific property acquired by defendant by means of his fraud. This objection is answered above under part one of this opinion. Also it violates Equity Rule 48 by denying the sufficiency of plaintiff's bill, but failing to state specifically any defense.

See Goldstein v. Goldstein & Elgin Realty Co., 7 D. & C. 356: "No. 15 of the new Equity Rules expressly abolishes demurrers in equity.

"An answer raising the question of the sufficiency of the averments of the bill is not within the purview of sub-division 7 of Rule 48. That rule contemplates a defense to the claim and not an allegation of the weakness or insufficiency of the averments of the bill to sustain the action." Hershey et al. v. Brotherhood, etc., supra, is to the same effect.

Paragraph (b) of defendant's objection No. 2. This is clearly evasive, vague, argumentative and irrelevant.

Plaintiff's averments are not conclusions of law. As to the basis for plaintiff's averments, it is enough for plaintiff to plead facts. He is not required to plead the evidence of those facts.

Gray v. P. & R. C. & I. Co., 22 Schuylkill 252 (1926) (syllabus): "A bill in equity should contain a statement of the essential facts of the case presented, but not the evidence of those facts."

Hershey et al. v. The Brotherhood's Relief and Compensation Fund et al., 9 D. & C. 167 (1927): "It it not necessary that the bill of complaint should set forth in detail the evidence to sustain the plaintiffs' case. The best test of what are proper averments of fact in the bill is whether they are such matters as the witness may be called upon to prove, or the truth of which must be established by evidence to enable the court to act." (Page 172.)

Kress House Moving Co. v. Hogg Co., 263 Pa. 191 (1919) (syllabus): "A pleader is not obliged to aver his means of proof." See, also, Moore v. Susquehanna Mutual Fire Ins. Co., 196 Pa. 30 (1900).

Paragraph (c) of defendant's objection No. 2. This is surplusage and unnecessary in that it simply reiterates defendant's objection No. 1. It is treated by us hereinbefore. Besides, it does not state specifically any defense to plaintiff's averments.

Paragraph (d) of defendant's objection No. 2. This is also evasive, vague, argumentative and irrelevant. Plaintiff's averment in paragraph twelve of her bill is a statement of fact, not a conclusion of law. Plaintiff is not required to plead the evidence of his facts: Gray v. P. & R. C. & I. Co. and other cases cited supra.

This paragraph also denies the sufficiency of plaintiff's bill, but does not state specifically any defense, and is, therefore, inadequate under Rule 48.

Paragraph (e) of defendant's objection No. 2 is inadequate under Rule 48 because it denies the sufficiency of plaintiff's bill, but does not state specifically any defense.

It is not necessary for plaintiff to attach as an exhibit a copy of the agreement referred to in paragraph thirteen of her bill. The agreement mentioned is purely collateral to the main issue of the case and is not an agreement upon which plaintiff "relies for recovery" as intended by Rule 34. Rule 34 provides: ". . . if plaintiff relies upon a written instrument for recovery, a copy of the material parts thereof must be included as an exhibit."

See St. Peter's, etc., Church et al. v. Kleinfelter, 29 Dauphin 240: "When a bill in equity refers to the incorporation of one of the plaintiffs . . . giving reference to the record thereof, an objection that the bill does not include, as

an exhibit to the bill, a copy of the material parts of the written instruments referred to will be dismissed. . ." (Syllabus.)

"If it any time it should appear that any written instruments referred to therein are material . . . and relied upon, it will be directed that the bill be amended accordingly." (Page 244.)

Graham v. The Farmers' National Bank of Lancaster, 3 Lanc. 68, holds that where a bill alleges certain notes in possession of respondent to have been forged, it is not necessary that the bill set forth the notes in haec verba.

The purpose of the Equity Rules is to make "the practice and procedure in equity conform as nearly as may be to the legislature's requirements in regard to practice and procedure at law:" Foreword to Revised Equity Rules.

Gray v. P. & R. C. & I. Co., 286 Pa. 11 (syllabus): "Equity Rules 48 and 49 must be construed in the same way as similar objections to plaintiff's statement of claim, under the Practice Act of May 14, 1915."

"The course of procedure thus provided for, . . . was deliberately adopted to comport with the provisions of the Practice Act of May 14, 1915." (Page 14.)

The analogous section of the Practice Act of 1915 is section five, which requires "copies of all notes, contracts, book entries, . . . upon which the party pleading relies for his claim, or defense" to be attached.

See the following cases decided under section five of the Practice Act: Davey Tree Expert Co. v. Strassburger, 33 York 77, holding that when the document is not the basis of the action it need not be attached; William Penn Motor Indemnity Exchange v. Elliott, 4 D. & C. 332, holding that the Practice Act does not require that plaintiff attach evidential documents and that the only documents required are those on which the action is based.

In this latter case, plaintiff, the insurance company, sued on a written contract for automobile insurance. Under the contract, defendant, the insured, was obligated to pay an assessment up to the amount of the annual premium on his policy. Plaintiff attached a copy of the written contract but not a copy of the insurance policy. Defendant moved to strike off. The motion was refused. The court held that all that was required under the Practice Act was the written contract or application for insurance; the policy itself was merely evidential and need not be attached.

Franklin Sugar Refining Co. v. Fulton, Mehring & Hauser Co., 1 D. & C. 615: "If they [the contracts] were in writing, the statement should set them forth in full . . . [but] copies of letters, memoranda of sales, &c., which are not parts of the contracts themselves, but merely instruments of evidence for the proof of other facts, should be omitted. . . ."

Herr v. Witmer, 28 Dist. R. 413, holds that where a suit is brought because plaintiff as surety was obliged to pay certain notes on defendant's default, the notes need not be attached.

Paragraph (f) of defendant's objection No. 2. This is also evasive, vague, argumentative and irrelevant. Plaintiff's averments in paragraph thirteen of her bill are not conclusions of law. As to the basis of plaintiff's averments, it is enough for plaintiff to plead the evidence of those facts. See quotations from Gray v. P. & R. C. & I. Co., and other cases cited supra.

Defendant in this paragraph denies the sufficiency of plaintiff's averments, but fails to state specifically any defense as required by Rule 48.

Paragraph (g) of defendant's objection No. 2. This is surplusage and unnecessary in that it simply reiterates defendant's objection No. 1. It is answered by us under part one hereof. It does not state specifically any defense to plaintiff's averment in her bill as required by Rule 48.

3.

Finally, we refer to defendant Abigail M. Franklin's reasons for not filing an answer.

We shall consider also seriatim the reasons assigned by this defendant, Abigail M. Franklin, for her not being required to answer the facts averred by plaintiff. These alleged reasons appear in sub-paragraphs (a) to (i), inclusive, under paragraph two of the preliminary objections filed by her.

Paragraphs (a), (b) and (c) of defendant's objection No. 2. These "objections" are immaterial and do not negative plaintiff's right (indeed obligation) to join Abigail M. Franklin as a party defendant.

It is alleged in the bill that John M. Franklin purchased certain real estate with funds fraudulently obtained from Mrs. Seeds, and that title to said real estate was taken in the name of his wife. Under these facts, defendant, Abigail M. Franklin, is an indispensable and necessary party to this suit: Hartley v. Langkamp & Elder, 243 Pa. 550.

That was a bill in equity to annul a deed and to enforce reconveyance. Plaintiff charged that the defendants through a conspiracy had fraudulently obtained a conveyance of land from plaintiff. One of the defendants after obtaining the conveyance from plaintiff had transferred the property to his sister, who was not a party to the suit. The court below decreed that the deed from plaintiff to defendant was void and directed that it be deposited for cancellation and that the defendant convey or cause to be conveyed to the plaintiff the land in question. The Supreme Court sustained the court below as to the fraudulent nature of the transaction and as to the cancellation of the deed, but sent the case back to the court below with orders to amend the bill so as to make the defendant's sister a party to the action, so as to properly make her subject to the order of reconveyance. See, also, Kern v. Smith, 290 Pa. 566, supra.

Geesey v. York, 254 Pa. 397: "It is a well settled rule in courts of equity, that all parties who would be adversely affected by the decree prayed for, must be brought into court as parties of record, before such decree can be made: Findley v. Warren, 244 Pa. 64; Ebling v. Schuylkill Haven Borough, 244 Pa. 505" (page 399).

In the case at bar, the plaintiff prays for an order directing the conveyance of real estate the record title to which is held by defendant, Abigail M. Franklin (sub nomine Abigail M. Mulvey), the wife of John M. Franklin.

Paragraph (d) of defendant's objection No. 2. Plaintiff avers that John M. Franklin did use a part of the proceeds of the securities, fraudulently obtained from plaintiff, in making the purchase of the real estate in question. The bill nowhere admits that said property was "not purchased by the said John M. Franklin but by" the defendant, Abigail M. Franklin.

Plaintiff is not required to plead the source of her information nor the reason for her belief. In her affidavit accompanying the bill she swears that she believes the facts averred to be true and expects to be able to prove them. This meets the full measure of her obligation with respect to the pleading as contained in the bill. To go further would be to plead her evidence; this she is not required to do: Gray v. P. & R. C. & I. Co., 22 Schuylkill 252; Hershey et al. v. The Brotherhoods, etc., Fund et al., 9 D. & C. 167; Kress House Moving Co. v. Hogg Co., 263 Pa. 191.

Relative to paragraphs (e), (f), (g), (h) and (i) of defendant's objection No. 2, further discussion is unnecessary, for we have answered same fully heretofore and this opinion is quite lengthy already.

The following cases cited by defendants must be distinguished from the facts of the case at bar and do not govern it.

Hyde *v.* Baker, 212 Pa. 224: There was no allegation that the fraud of defendant had been the inducement for any act of the plaintiff. There was no element of misrepresentation on the part of the defendant.

Price *v.* Hurley, 201 Pa. 606: That was a bill for discovery and an accounting by one group of stockbrokers against another group of stockbrokers alleging fraud and conspiracy. The only relief asked was a money decree for the value of certain stock sold and for commissions.

Costley *v.* Smith, 278 Pa. 242: That was a bill to cancel a deed and for repayment of money. Plaintiff had purchased a house from defendant and later alleged fraudulent misrepresentations and breach of warranty on the part of the defendant. In effect, plaintiff was asking the court to reconvey the house from plaintiff to defendant and was asking only money damages from defendant.

Kemmler *v.* McGovern, 238 Pa. 460. That was another case of a bill in equity to set aside a conveyance, similar to Hyde *v.* Baker, *supra*. The bill was filed by a judgment creditor of defendant alleging that defendant had conveyed certain real estate to another in order to defraud plaintiff. Plaintiff's judgment was for a liquidated amount and there was no allegation of any misrepresentation as in this case.

New York Trust Co. *v.* Coal Co., 227 Pa. 611. That case is clearly not in point. The plaintiff was the holder of a bond and mortgage of defendant containing the usual provisions for foreclosure. The court denied plaintiff the right to an accounting and held that the remedy at law by way of foreclosure was wholly adequate.

Holland *v.* Hallahan, 211 Pa. 223: That was a bill in equity for an accounting and discovery between an employer and his salesman. There was no allegation of fraud.

Edelman et al. *v.* Latshaw et al., 159 Pa. 644. That was a bill in equity for the reassignment of shares of stock sold by plaintiff to defendant. Defendant had purchased the stock from plaintiff for a price which plaintiff later discovered was below its market value. The court found that there were no fraudulent representations which were the inducement for the sale from plaintiff to defendant. Defendant had simply purchased the stock as cheaply as he could. Said the court below: "He [defendant] was not bound to disclose his knowledge of the value of the stocks, provided he did not make fraudulent representations or suppress the truth when it was his duty to speak. . . . Was he guilty of such fraud as will entitle the plaintiff to the relief asked for? It is true that a confidential relation is not necessary to establish a constructive trust, and that a trust may arise from actual fraud; but this fraud alone will not be sufficient to warrant relief, unless the parties relied upon the fraudulent representations which were the inducements to their contract. . . .

"But to constitute a case of this kind [for relief in equity] there must be a representation, express or implied, within the knowledge of the party making it, reasonably relied on by the other party, and constituting a material inducement to his contract or act. Tested by this rule, have the plaintiffs a standing in a court of equity?" (page 647).

Tested by the rule above laid down, equity will surely entertain jurisdiction in the instant case. Defendants have admitted, arguendo, all the averments of the bill, and on the face of these averments alone plaintiff is entitled to relief in equity under the above test by virtue of the fraud and the misrepre-

sentations, the reliance thereupon and being the material inducement for the making of the contract with defendant, Franklin.

To summarize, in addition to our reasons already expressed, we hold that in cases of fraud great liberality should be indulged by the courts in permitting the aggrieved party to properly develop a case and fully ventilate any grievances in a court of equity; and he should not be shunted aside by applying needlessly technicalities set up, if not to delay, perhaps to embarrass justice: Rubinsky v. Kosh, 301 Pa. 35.

Plaintiff has made allegations of fraud, and these in connection with the other averments of fraud justify our taking jurisdiction in the case at bar as we do. Under the given circumstances, as it is the most convenient and efficient road to adequate relief, and equitable jurisdiction does not depend entirely upon the want of a common-law remedy. Indeed, the legal remedy may not be adequate or complete: Crennell v. Fulton, 241 Pa. 572; Lefean v. Caramel Co., 271 Pa. 276; Adams's Appeal, 113 Pa. 449, 455; Barnes v. Pittsburgh, 266 Pa. 24; Edison Illuminating Co. v. Eastern Penna. Power Co., 253 Pa. 457; Penna. R. R. Co. v. Bogert, 209 Pa. 589; Douglas v. Clarke, 20 Del. Co. 535; Lehigh Valley R. R. v. Graham, 64 Pa. Superior Ct. 437.

In Douglas v. Clarke [13 D. & C. 267], 20 Del. Co. 535, the writer here wrote the opinion, and we quote it in part as controlling the case at bar, as follows:

"The defendant's answer raises preliminary objections under Rule 48, subdivisions 6 and 7, which are as follows:

" '(6) That upon the facts averred, plaintiff has a full and adequate remedy at law;

" '(7) That for any other reason, defendant should not be required to answer the facts averred, since he has a full and complete defense to plaintiffs' claim, specifically stated, which does not require the production of evidence to sustain it.'

"The question to be decided is not whether the complaint is so clear in both form and substance, as to entitle plaintiffs, without amendment, to proceed to trial, but whether under the facts averred it shows as a question of law that plaintiffs are not entitled to recover, Gray v. Philadelphia and Reading C. & I. Co. [10 D. & C.], 23 Sch. Leg. Rec. 7 (1926). The same rule is thus expressed in Hershey v. Brotherhood's Relief and Compensation Fund [9 D. & C. 167], 31 Dauphin 51, that an answer raising the question of the sufficiency of the averments in a bill in equity is not within the purview of subdivision 7, of Equity Rule 48, inasmuch as that rule contemplates a defense to the claim and not an allegation of the weakness or insufficiency of the averments of the bill to sustain the action. Precisely to the same effect is Goldstein v. Goldstein & Elgin Realty Co., 7 D. & C. 356. . . .

"Both of these principles are ignored in defendant's preliminary objection. Many of the objections are predicated on alleged weakness or insufficiency of the averments in plaintiffs' bill and on matters extraneous to those contained in the bill.

"Another principle of pertinent application is that as to the character of objections, Equity Rule 48 must be construed in the same way as similar objections to plaintiffs' statement of claim under the Practice Act of May 14, 1915, P. L. 483 (Gray v. Philadelphia & Reading C. & I. Co., 286 Pa. 11) and it would seem to clearly follow that for the purposes of the case, plaintiffs' averments of fact must be accepted in all respects as true. Finally, the principle of Strizak et al. v. Danacko [11 D. & C. 150], 25 Sch. Leg. Rec. 97

(1929), is to be borne in mind, to wit, that a bill in equity should not be dismissed because of objections under equity rule 48, unless the facts averred show that the plaintiffs cannot possibly recover. Rutherford Water Co. *v.* Harrisburg, 297 Pa. 33. . . .

"To induce equity to refuse its aid to a suitor, it is not sufficient that he may have some remedy at law. Unless the remedy at law is as full, complete and adequate as equity would give to plaintiffs, the chancery jurisdiction will be sustained: . . .

"Jurisdiction in equity depends not so much on the want of a common law remedy as upon its inadequacy and its exercise is a matter which often rests in the discretion of the court. . . ." (pages 546-547).

Therefore, we make the following decree: And now, February 24, 1931, the above matter coming on to be heard by the court *in banc* upon preliminary objections to the bill in equity, after due consideration thereof, the court doth order and decree that the questions of law are decided against the defendant, the preliminary objections to the bill in equity be and are hereby dismissed and each defendant be and is hereby ordered and directed to answer over under penalty of having the bill taken *pro confesso*.

From William R. Toal, Media, Pa.