Tilqhman O. J.
Two bills of exceptions were taken on the trial of this cause; one for the court’s refusing a deed from William Richardson to John Haldeman to be read in evidence on the part of the defendant; the other to the charge of the court.
In order to judge of the propriety of admitting or rejecting "x'the deed as evidence, it will be necessary to state part ponn of the testimony which had been given before the deed ^ was offered. The legal title of the land in dispute was vested in Robert Stewart the plaintiff by a deed from Richard Neave and his son Richard. William Richardson the defendant, who also claimed under the Neaves, rested his title on the equity of his case and the fraudulent conduct of the plaintiff! Iu making out his case he relied strongly on the testimony of his son John. The plaintiff in order to take off the weight of John Richardson’s testimony, endeavored to discredit him, by proving his declaration that he had a right to part of the land in dispute. It seems to have been understood, that John Haldeman had contracted with Richardson for this land, and a lease had been taken by the plaintiff’ from Haldeman for part of it pending this suit for one year. About the time of this lease, the plaintiff being treated kindly by Haldeman, who gave up part of the crop on the leased land to which he was entitled, declared that he would give no further trouble in the business.
If the deed to Haldeman had any bearing on the cause, it ought to have been admitted. If it was altogether irrelevant, it was properly rejected. It appears to me, that in several respects it was relevant to the defendant’s case. In the first place, it tended to show, that at the time of the trial, John Richardson was not entitled to any part of the land; and it corroborated his assertion, that he had sold the land to Haldeman by order of his father. It was materia] also in another point of view. In a case depending altogether on equitable circumstances, it was important to show, that Haldeman had gone on to complete his purchase and pay his money after the plaintiff’ had accepted a lease *184 from him, and declared that he would give no further trouble about the land. What weight the jury would have attached to these circumstances, it is impossible to say; but they should have been permitted to take them into consideration. It is objected by the plaintiff’s counsel, that the deed was kept back, till the testimony on both sides -was gone through, and for that reason alone should have been rejected as contrary to the established order of trial. I should be very tender in rejecting material testimony because offered at the last hour, unless it had'been kept back by trick, and the adverse *party had been deceived and injured by it. But nothing of that kind appears, nor does it strike me that the time of introducing this deed was irregular. The character of the defendant’s witness John Richardson, had been attacked by the plaintiff. So far then as this deed might tend to support the character of John Richardson, the proper time for offering it, was after the plaintiff’s attack had been made. Another objection of the plaintiff’s is, that the bill of exceptions ought to have stated for what purpose the deed was offered in evidence. The bill of exceptions states what passed at the trial. The plaintiff’s counsel might if they had thought proper, have asked for what purpose the deed -was offered, and it would then have lain on the defendant’s counsel to state to the court for what purpose they offered it. But nothing of that kind appearing in the bill, the defendant’s counsel have a right in this Court to show that the deed would have been in any manner relevant to their cause. As it appears to me that the evidence might have been in some respects material, I am of opinion that it was improperly rejected.
I shall refrain from giving any opinion on the other bill of exceptions. The questions proposed for the court’s opinion were so loose, and the Jaw depended on so many circumstances of fact not distinctly stated, that it is not easy to say whether the answers of the court were strictly correct or not. It is much to be wished, that when the gentlemen of the bar propose points which are intended as subjects of a bill of exceptions, they would state precisely the facts out of which the law arises. This will bring the opinions of the Court of Common Plea-s to a fair test, and tend very much to the despatch of business in this Court. I am of opinion that the judgment should be reversed, and a venire facias de novo awarded.
Yeates J.
I am perfectly clear, that the conveyance from Richardson to Haldeman was good evidence for the purpose *185 of corroborating the testimony given by John Richardson in the course of the trial. The testimony is fully before us; and no doubt can arise, that it was highly material to the plaintiff in error to establish his veracity. The defendant examined several witnesses to discredit him; and ^particularly as to his declarations of being interested in the lands contracted for, and that he had received one hundred pounds in pursuance thereof. Now the deed tends to reconcile his declarations with what he swore on the trial, and take off the imputations made against him. Thé jury alone were competent to judge of his-credibility. The deed was not offered at too late a stage of the cause, being brought forward to repel the adverse witnesses. My only difficulty was, that the counsel of Richardson should have stated the purpose for which the evidence was offered; because, as in the case of hearsay, the deed might be evidence for a special purpose, but not in general. Inasmuch, however, as the court or opposing counsel might have asked for what purpose the evidence was offered, and the counsel of Richardson would then have been obliged to answer the question explicitly, I concur in opinion, that the judgment of the Court of Common Pleas be reversed. If the deed was admissible in any point of view, it should not have been rejected.
Brackenridge J.
By ejectment brought to August 1802, a part of the tract in question was recovered; and therefore Richardson was entitled to possession of the part recovered. A certain Haldeman in the mean time had become Richardson by some agreement between them. Stewart, under a lease from Haldeman, was suffered to. retain possession for a period agreed upon and specified in the lease; Stewart at that time having no intention, as would appear from the declarations, to defend further, much less to renew or prosecute an ejectment for the tract, of which he had never had possession. The taking this lease cannot be considered as an acknowledgment of title, but of the right of possession only ; and cannot hinder the giving up possession, and renewing his ejectment, at any time short of the statute of limitations, having the legal title. It is to be considered also that the lease taken was but for the part recovered, and as to the remaining part, could have no effect whatever. But admitting the lease to have been for the whole, it could stand in the way only while it did exist; but it had expired before the time of this, trial. Nor can the not returning the whole or any pai’t of the tract in question as his property in his schedule under the insolvent debtors’ act, have any other effect than *186 *as showing that at the time (1807), he (Stewart) remained under the same apprehension that he had it not in his power to support a title to the whole or any part. It could not stand in his way or in that of his assignees under this act, to prosecute an ejectment brought, or to bring a new one. It might operate in favor of a bona fide purchaser from Eiehardson without notice; and it is in this light only that it could operate.
But there is a bona fide purchaser, Iialdeman, whose deed from Eiehardson was offered in evidence. But he had not been a purchaser before the bringing of this ejectment; and could use his conveyance from Eiehardson for no other purpose than as showing a right to be made a co-defendant. As going to the title, the deed was irrelevant, and could not be shown; and even when made co-defendant, it could not be shown by him as having any effect, and therefore not at all. Whether on a new ejectment against Iialdeman, the being a purchaser under these circumstances would assist him in a case of fraud by his vendor as is alleged, and perjury of witnesses by which means he had succeeded in his ejectment, is not necessary to be considered in the present case; and therefore I lay it out of view. Nor shall I say any thing on the merits of the case in general. They may be tried on an ejectment by Iialdeman.
But it is argued with much subtlety that the deed from Eiehardson to iialdeman was admissible in evidence as corroborating the testimony of John Eiehardson as to his having no interest in the land, nor ever having had any, it being his father who had executed the deed to Iialdeman. The title being in his father, the deed could not but be by the father, whether the son were interested or not, and this circumstance could weigh nothing, nor have the least effect with the j ury as to the credit of John. This might be a matter of management between the father and son who had an interest; and whether he had or not, could furnish no proof.
But supposing it could have weighed something in confirmation of the son’s having no interest, yet it ought to have been offered in its proper place, and for the specific purpose, that the court might have understood for what purpose it was offered, inasmuch as that which is evidence for one purpose may not be for another. It would appear to ^ave *been offered in this case to fortify the claim of the defendant, as having been led to sell and agree to convey, which could not affect the plaintiff
But Stewart had communicated to Haldeman, as a consideration of giving him a lease, and letting him have his *187 crop, declarations that he would not prosecute his ejectment further. To have the benefit of this, Haldeman ought to have procured himself to be made co-defendant, in which case he might have shown this in bar before his recovery, as a reason why he should not recover. So that supposing such an agreement, which was a matter of fact to the jury, it could not be considered as between Steward and Richardson.
But the argument is urged that the recovery under this judgment would be conclusive- evidence in an action for the mean profits including the term of the lease. I am not prepared to get over this, though I have been thinking why it might not be given in evidence to mitigate the -damages. I cannot, therefore, say that I dissent, not being able to say that this could be done.
Judgment reversed.
[Cited posí 836 and in 13 S. &K. 124; 14 id. 391; 1 M. 149; 1 H. 248; 12 Wr. 303 ; 3 W. N. 280; 1 K. 234.]