# Kress House Moving Company v. George Hogg Company, Appellant.

*Practice, C. P.—Pleadings—Evidence—Act of May 14, 1915, P. L. 483.*

1. The Practice Act of May 14, 1915, P. L. 483, does not require the details of matters intended to be proved, or the evidence relied upon, to be set forth in the pleadings. If a defendant desires greater particularity, he should move against plaintiff's reply in the manner provided by the statute.

2. In an action to recover a balance on a contract for excavating and underpinning a building, where the defendant's affidavit of defense avers that the building had sunk and swayed over the property line, causing damages to defendant, claimed as a set-off, and the plaintiff in his reply denies that the building either sank or swayed through his fault, the plaintiff may, at the trial, offer evidence to the effect that the machinery in the building had operated smoothly during the time plaintiff was engaged in performing his work, whereas this state of affairs did not continue when another builder, employed by defendant, took control. The reply was sufficient notice to support the admission of such evidence.

3. A pleader is not obliged to aver his means of proof.

*Trial—Order of proof—Review.*

4. The order of the admission of evidence is a matter for the trial court which does not call for review, except in extreme cases.

*Contract—Impeding performance.*

5. One who impedes the performance of a contract by another cannot take advantage of his own wrong to prevent recovery.

*Appeals—Question involved—Assignments of error.*

6. Answers to points assigned as error will not be considered by the appellate court, if they are neither referred to in nor comprehended by appellant's statement of the "questions involved."

Argued Oct. 16, 1918. Appeal, No. 61, Oct. T., 1918, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1917, No. 534, on verdict for plaintiff in case of Kress House Moving Company v. George Hogg Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Assumpsit for balance alleged to be due on a contract. Before CARNAHAN, J.

Verdict and judgment for plaintiff for $1,832.68. Defendant appealed.

*Errors assigned* were various rulings on evidence, answers to points, and refusal of judgment for defendant n. o. v.

*Joseph F. Mayhugh,* for appellant.

*John E. Winner,* with him *John D. Brown,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 4,

On May 15, 1916, plaintiff sent defendant a written offer to support a certain building, in the City of Pittsburgh, while the latter was excavating an adjoining lot; this proposal states the price, $1,300, the materials to be used, and the manner in which the work shall be done; it was accepted on the stipulation that the structure should be kept in its then "present condition" and

bracings placed across two adjoining alleys. Defendant, in the meantime, had commenced to underpin the building, but the results were not satisfactory, and, June 23, 1918, plaintiff contracted to do, in addition to the work already agreed upon, all the excavating and underpinning, for another $1,300. Pursuant to these contracts, plaintiff proceeded with and claimed to have completed the specified work. Subsequently, defendant paid $800 on account and was allowed a credit of $88; but refused to pay the remainder of the agreed consideration. The present suit was brought to recover this balance, and defendant filed an affidavit of defense admitting the contracts, at the same time denying that plaintiff had performed the work called for therein; in consequence of which, it averred, the building in question had sunk and swayed over the property line onto the next lot, causing defendant an expense of $2,500 to re-align it. A certificate was asked for the difference between this last-mentioned sum and the amount claimed by plaintiff; but the latter, in reply, denied all matters of set-off.

At trial, plaintiff admitted that, in accomplishing the stipulated work, it had not strictly complied with the methods provided in the written agreement, but claimed, in extenuation, that defendant had rendered such performance impossible; further, that, while the work had not been executed in every particular in strict accord with the contracts, yet there had been substantial compliance, and any sinking of the structure, or movement of the building off its proper line, was in no manner or degree properly attributable to the way in which plaintiff had done its work. All the issues involved were submitted to the jury in a charge concerning which no complaint is made, and plaintiff recovered a verdict for the full amount of its claim. Defendant subsequently filed motions for a new trial and judgment n. o. v.; both being refused, judgment was entered on the verdict, and this appeal ensued.

The only questions stated for our consideration are, first, whether the trial judge erred in admitting certain evidence over defendant's objections, and, next, whether the latter was entitled to judgment non obstante veredicto.

In its reply to the affidavit of defense, plaintiff alleges defendant interfered with the progress of the work, thus rendering compliance with the details of the contracts impossible. The first assignment relates to the admission of testimony as to the conditions on the ground when plaintiff's operations were commenced; but the evidence therein referred to is merely explanatory of the manner in which the work was done and how defendant interfered with its progress. The same may be said of the second assignment. The allegations of defendant's interference, contained in plaintiff's reply, are, we think, sufficient to justify the testimony here complained of. The Practice Act of May 14, 1915, P. L. 483, does not require the details of matters intended to be proved, or the evidence relied upon, to be set forth in the pleadings; had defendant desired greater particularity, it should have moved against plaintiff's reply in the manner provided by this statute; see section 21 (P. L. 487) thereof and opinion of that excellent jurist, the late Judge IRWIN, of Washington County, in Sturtevant Co. v. Regan et al., 26 Dist. R. 189.

The third, fourth and fifth assignments complain of the admission of evidence to show that, as a matter of fact, the alleged disturbance of the building occurred after plaintiff had finished its work. This was objected to on the ground that no sufficient notice is contained in plaintiff's reply of any such answer to defendant's claim of set-off. The reply denies the structure either sank or swayed through the fault of plaintiff; and the evidence now under consideration is to the effect that the machinery in the building had operated smoothly during the time plaintiff was engaged in performing its work, whereas this state of affairs did not continue when the Eichley

Co., which was subsequently employed by defendant, to put the building back on its line, took control; that, on the contrary, after this latter concern went to work, the belts on the machinery required readjustment. The circumstances shown by this evidence tend to support plaintiff's allegation that the building did not sink or sway by reason of its method of work; and a pleader is not obliged to aver his means of proof: Moore v. Susquehanna Mutual Fire Insurance Co., 196 Pa. 30, 34. We are by no means convinced the evidence in question was improperly accepted.

The sixth and seventh assignments are based on the admission of a plan showing the position of the building with reference to the property line; in this we see no reversible error.

The eighth assignment relates to testimony introduced over defendant's objection that it was not proper rebuttal. The order of the admission of evidence is a matter for the trial court, which does not call for review except in extreme instances, and this is not such: see opinion of our Brother WALLING in Aland v. Pyle, 263 Pa. 254, and cases there cited.

The ninth to twelfth assignments, inclusive, which complain of answers to certain of defendant's points, might be refused consideration because they are neither referred to in nor comprehended by appellant's statement of the "questions involved." The answers to the points in question, however, accord with the rulings on the evidence, which we have already discussed; and the guiding principle, on which they are based, is that one who impedes the performance of a contract by another cannot take advantage of his own wrong, to prevent a recovery: Grove v. Donaldson, 15 Pa. 128, 135; Gast v. Miller (Supreme Ct.), 2 W. N. C. 361, 362; Wilson v. Crowell, 48 Pa. 58, 66.

The final assignment goes to the refusal of judgment for defendant n. o. v.; as to this, it is sufficient to say that, since the evidence on the issues involved was con-

flicting in many particulars, the case was necessarily for the jury. We see no merit in any of appellant's complaints.

The assignments are all overruled and the judgment is affirmed.