## Clingerman v. Everett Cash Mutual Fire Insurance Co., Appellant.

Argued October 26, 1936.

Before Keller, P. J., Cunningham, Baldrige, Stadt-
feld, Parker, James and Rhodes, JJ.

*Simon H. Sell,* for appellant.

*J. Colvin Wright,* for appellee.

OPINION BY BALDRIGE, J., November 19, 1936:

On July 14, 1930, the defendant company issued to the plaintiff a fire insurance policy, for a period of five years, in the sum of $2,000, at an annual premium payable in advance, with sixty days grace. The plaintiff paid the annual premiums up to and including July 14, 1932. The policy was, therefore, by its terms in force until sixty days after July 14, 1933.

In the afternoon of July 22, 1933, the plaintiff's barn, a portion of the property covered by the policy, was burned. Suit was brought to recover the sum of $900 for the loss of the building and its contents, consisting of grain and machinery. The case was tried and the jury returned a verdict for plaintiff in the sum of $700. The court granted a new trial on the ground that the verdict was against the weight of the evidence. A second trial was had which resulted in a verdict of $748. Judgment was entered on the verdict, and this appeal followed.

The first complaint of the appellant is to the refusal of the court to grant a compulsory nonsuit or to enter judgment n.o.v., on the ground that the plaintiff was guilty of false swearing, which invalidated the policy.

The plaintiff in his statement of claim alleged that his feed mill, located in the barn, was a total loss, while it appeared at the trial that it was only damaged and subsequently repaired. The evidence established that the barn was totally burned, that the machinery in question fell through the floor in a mass and apparently was ruined, that it required some three weeks' work to

salvage it and to substitute new parts before it would function, and that thereafter it was considerably impaired.

It cannot be conclusively stated that one is guilty of false swearing when the value of the goods is less than that stated by the insured. To support the defense of fraud, the appellant was required to show that the false swearing by the insured was done wilfully and knowingly, with intent to cheat and defraud the company: *Allegro v. Rural Valley Mut. Fire Ins. Co.*, 268 Pa. 333, 337, 112 A. 140. It may be that the insured erred in his opinion without being guilty of any dishonest intention: *Post v. American Central Ins. Co.*, 51 Pa. Superior Ct. 352. Whether he attempted to perpetrate a fraud by a false statement in the circumstances presented was a question of fact for the jury's consideration, which was adequately submitted to it.

The appellant's principal complaint is to the refusal of the court to grant a new trial, on the ground that the weight of the evidence overwhelmingly established the cancellation of the policy before the fire, and, therefore, the court should have granted a new trial.

The plaintiff made out a prima facie case when he produced the insurance policy, which showed on its face that it was in force at the time of the fire, and established the extent of the loss. The alleged cancellation was an affirmative defense, and the burden was on the defendant to prove that disputed fact. The defendant called three of its officers and employees, who testified that on the morning of July 22, 1933, the plaintiff came to defendant's office and stated that as he was unable to pay the premiums he desired to surrender his policy and requested its cancellation; that he delivered the policy to the company's secretary and it was thereupon cancelled. Other witnesses were called, who testified that the plaintiff had stated after the fire that he was "out of luck" as he had cancelled his policy. The plain-

tiff contradicted this testimony, stating that he went to the defendant's office and explained to the secretary that he did not have the money to pay the premiums and left the policy with him under an agreement that he could pay the premium of $8.06 within the remaining 52 days of grace. He also testified that what he told the witnesses who stated that he had cancelled his policy was that the company claimed a cancellation.

However clear and persuasive the proof offered may seem, when issues of fact are involved the trustworthiness of the testimony is exclusively for the jury's consideration. . Neither the court below nor this court has the power to substitute its opinion in this respect for that of the jury. Whenever the trial judge is satisfied that the verdict is capricious or contrary to the evidence, it is his duty to grant a new trial. This he did after the first trial. Whether another trial was necessary to reach a proper determination of this controversy was a matter largely within the sound judgment of the trial judge.

A careful consideration of the record fails to convince us that there was an abuse of discretion in the court's refusal to give the appellant another opportunity to defend this claim.

We have examined the other minor questions raised by the assignments of error, which need not be discussed, as they are without merit.

Judgment of the lower court is affirmed.

RHODES, J., dissented.