Lobnosky *v.* New York Underwriters Insurance Company, Appellant.

Lobnosky *v.* Queen Insurance Company of America, Appellant.

Lobnosky *v.* Orient Insurance Company, Appellant.

Lobnosky *v.* Fireman's Fund Insurance Company, Appellant.

Lobnosky *v.* Phoenix Assurance Company, Ltd., Appellant.

Argued April 15, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*James L. Jack*, of *Jack & Jack*, for appellants.

*Edwin M. Clark*, with him *George Jerko*, for appellee.

OPINION BY HIRT, J., June 30, 1941:

Plaintiff's motion picture theater was destroyed by a fire of unestablished origin in the early morning of March 3, 1937. The building and contents were then insured against fire loss to the extent of actual cash values by the defendant companies in policies identical in form by which each of the defendants assumed liability to the extent of $1,333.33. But one case was tried, resulting in a verdict of $1,192.52 for plaintiff. By stipulation, the final judgment in that case will determine the ultimate liability of each of defendant insurers. Our inquiry, therefore, involves a review of a single record.

Shortly after the fire, plaintiff submitted a proof of loss which was considered inadequate and on May 11, 1937 the adjuster for the insurance companies requested plaintiff to furnish, inter alia, "the original bills and records showing the cost of all items contained in this building." In response thereto, plaintiff on June 30, 1937 delivered to the adjuster a typewritten list of motion picture theater equipment and furniture with their values, on stationery of A. & S. Steinberg of Pittsburgh, dealers in theater supplies. This exhibit contains the signature of plaintiff and the certificate of a notary public that he swore to the list as "true and correct to the best of his knowledge and belief." Below the jurat there appears: "This is a list of the merchandise purchased from me in the fall of 1935. [Signed]

Sam Steinberg." After its delivery plaintiff admitted to the adjuster that the paper was spurious, and on the trial he testified that though the list was prepared in Steinberg's office it did not represent the property destroyed by fire nor equipment bought from Steinberg. Plaintiff had taken the paper to a notary who at his request added the typewritten jurat and the certificate above quoted; it was plaintiff's wife who signed the name of Sam Steinberg to the latter, without authority.

The policy provides: "This entire policy shall be void ......in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof whether before or after a loss." Defendant relied upon this provision to avoid liability, and in its affidavit of defense did not charge fraud generally, but restricted its defense to the following averment: "That the plaintiff presented said list of items of personal property to the said John L. Lester, adjuster for defendant, and falsely swore that it was a true and correct list of the items purchased from the said Sam Steinberg, wilfully, and fraudulently with intent to deceive and defraud the defendant." As to this controlling issue the question for the jury was whether the swearing, admittedly false, was done or committed by the insured wilfully and with intent to cheat and defraud the company. *Allegro v. Rural Val. Mut. F. Ins. Co.*, 268 Pa. 333, 112 A. 140; *Clingerman v. Everett C. M. F. Ins. Co.*, 124 Pa. Superior Ct. 89, 188 A. 93.

Clearly, defendant was entitled to the benefit of any competent proof relevant to that issue and the sole complaint in this appeal, in which we find merit, is that the lower court excluded the following offer of proof by defendant: "We now offer to show by this witness [defendant's adjuster] that on March 29, 1937, the plaintiff, John Lobnosky, came to the office of the witness in Altoona, and offered to pay him $300 for adjusting the loss favorably to him." The defendant also

was not allowed to cross-examine the plaintiff on the subject.

We think the refusal of this testimony both as affirmative proof and on cross-examination of plaintiff was error requiring a new trial. The trial court excluded this testimony on plaintiff's objection that it was not pleaded in the affidavit of defense. Under the Practice Act, a defendant may not be "permitted at the trial to make any defense which is not set forth in the affidavit of defense": 12 PS §452. But it is at once apparent that the defense interposed was not this alleged misconduct of plaintiff but was limited wholly to the charge of false and fraudulent swearing to the schedule of the property and its cost delivered to the adjuster as a part of his proof of loss. When plaintiff admitted that his oath was false, the excluded testimony became admissible to rebut his contention that the exhibit was not prepared, sworn to, and delivered, fraudulently with the intent to deceive. An offer to bribe an adjuster is evidence of an attempt to collect more than the actual value of the destroyed property and when an affidavit as to items and values is admittedly false, testimony of a former attempt to bribe, certainly, is admissible as evidence of the fraudulent intent of insured in swearing to the false statement and to rebut his contention that it was innocently made. It is a fundamental rule of pleading that ultimate facts, as distinguished from the evidence to be adduced in support of them alone must be pleaded. *Compton Rec. v. Heilman et al.*, 331 Pa. 545, 1 A. 2d 682. The Practice Act does not require a recital of the matters by which the material facts relied upon will be proved but on the contrary specifically forbids the pleading of "the evidence by which they are to be proved, or inferences, or conclusions of law": 12 PS §386. *Kress House M. Co. v. George Hogg Co.*, 263 Pa. 191, 106 A. 351. The evidential facts relating to the bribe were not a part of the false swearing relied upon as a defense, though bearing

upon fraudulent intent, and therefore were not required to be pleaded. In a subsequent letter to the adjuster urging a settlement plaintiff stated: "I will sure do something worth while for you as I told you in your office." This letter was admitted in evidence; testimony under the offer also should have been received.

The testimony was admissible for another reason. The disputed offer of evidence was general and not limited to a specific purpose and plaintiff's objection to it, except that it was not pleaded, was general. It was error, therefore, for the court to reject it if admissible for any purpose. *Richardson v. The Lessee of Stewart,* 4 Binn. 198; *Benner v. Hauser,* 11 S. & R. 352; Moschzisker Trial by Jury, §200. Even if a jury on consideration of this evidence should conclude that plaintiff's false swearing did not void the policy, there would still be the question as to the nature of the equipment and furniture destroyed and its value. One who honestly seeks to recover no more than he is entitled to, need not bribe an adjuster to treat him fairly. And when plaintiff testified as to the extent of his loss, defendant was entitled, both by cross-examination and by direct testimony, to develop facts tending to diminish and impeach his trustworthiness as a witness and the justice of his claim. 5 Wigmore on Evidence (3d ed.) §1368. In *Beck v. Hood,* 185 Pa. 32, 39 A. 842 the refusal to allow the cross-examination of plaintiff as to an alleged attempt to influence the foreman of the jury on a former trial was held to be reversible error. It was there said: "If the examination is directed to collateral matters the court may limit, and under some circumstances exclude it; but if directed to the situation of the witness, his relations with the party calling him, his zeal or bias as shown by his conduct, or by improper efforts to influence witnesses or jurors in the case trying, it is, within proper limits, a matter of right: *Cameron v. Montgomery,* 13 S. & R. 128. When the party becomes a witness for himself he stands in no better position

than any other witness not a party. His credibility may be attacked by the same methods, and his conduct when he attempts to corrupt the administration of justice is subject to investigation in the same manner." In *McHugh v. McHugh,* 186 Pa. 197, 40 A. 410, in upholding the admissibility of testimony of this kind the Supreme Court said: "In some of these cases [cited in the opinion] the reason given for the admission of the testimony is that it is an admission by conduct, and in others that it gives rise to a presumption, but the decisions all rest on the ground that evidence of the misconduct of a party in connection with the trial is admissible as tending to show that the party guilty of the misconduct is unwilling to rely on the truth of his cause, or is conscious that it is an unjust one." The same principles apply to an attempt to corrupt an adjuster employed by an insurance company to determine the amount of its liability. See also, *Caffery et ux. v. Phila. & R. Ry. Co.,* 261 Pa. 251, 104 A. 569.

In the light of the foregoing, it is obvious that plaintiff's objection that defendant's offer was not pleaded in the affidavit of defense is without merit. It went directly to the plaintiff's proof of his own cause (*McSparran v. Insurance Co.,* 193 Pa. 184, 44 A. 317) and was a proper subject both for cross-examination of plaintiff and as direct evidence.

Judgment in each case reversed with a venire.