# Higgs *v.* New York Fire Insurance Company, Appellant.

Argued March 19, 1954. Before HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (RHODES, P. J., absent).

*Horace Michener Schell,* for appellant.

*Samuel Melnick,* for appellees.

OPINION BY GUNTHER, J., July 13, 1954:

This is an action in assumpsit to recover for a loss under a fire insurance policy. The defendant filed an amended answer and new matter. Preliminary objections to the new matter were sustained by the court below, the case was declared at issue on complaint and answer, and defendant has appealed.

The plaintiffs have moved to quash the appeal on the ground that the order of the court below is interlocutory. There is no merit to such contention. This order is final because it has removed defendant's new matter from the case. At the trial defendant would thereby be prevented from presenting evidence of fraud, which is the subject of the new matter. The answer contains no allegations of fraud. Cf. *Kinsey Distilling Corp. v. Pa. R. R. Co.,* 166 Pa. Superior Ct. 466, 71 A. 2d 802; *Broido v. Kinneman,* 375 Pa. 568, 101 A. 2d 647.

The new matter in question alleges that plaintiff's loss claim was wilfully exaggerated with intent to cheat and defraud the defendant; that the insurance policy provides for voiding when the insured wilfully conceals or misrepresents a material fact; and that

the proof of loss alleged $2,484.22 damages, the complaint alleged $1,800 damages, but the actual loss was no more than $392.40. The defendant is correct in maintaining that the defense of fraud was properly pleaded under new matter. Rule 1030 of the Rules of Civil Procedure provides that fraud is an affirmative defense which shall be so pleaded. As stated in *Saxe v. Feinstein,* 366 Pa. 473, 77 A. 2d 419, the affirmative defenses listed in Rule 1030 are in the nature of confession and avoidance. This defendant, in its answer, has confessed or admitted the existence of the insurance policy and seeks to avoid liability by alleging that the plaintiff caused the policy to become void. The plaintiff contends that this is improper new matter because the allegations therein are not comprehended by the fraud clause of the insurance policy. The plaintiff maintains that the mere exaggeration of loss in a proof of loss or a complaint is not fraud and that excessive damage claims are not within the purview of the fraud clause of the policy. It is true that a mere variance between the loss claimed and that proved does not establish fraud, but an insurance company may use it as evidence to prove intent to cheat and defraud. The burden will be upon the defendant to prove that the plaintiff wilfully and deliberately misrepresented with intent to defraud. *Clingerman v. Everett C.M.F. Ins. Co.,* 124 Pa. Superior Ct. 89, 188 A. 93. A defense based on alleged fraud in grossly overrating a loss is sufficient pleading to raise the issue and reach trial. *Reiter v. Michigan Commercial Insurance Co.,* 61 Pa. Superior Ct. 587.

The pinch of this case is that defendant has pleaded wilful fraud on the part of the plaintiffs and should be permitted to introduce proof thereof as an affirmative defense. The sufficiency of the evidence of fraud is a matter for the court below at trial. Defendant's new

matter was proper and the preliminary objections thereto should have been overruled.

Order reversed.