## Flowers v. The Home Insurance Co.

*David Yelen* and *Roy B. Pope*, for plaintiffs.

*Henry Greenwald* and *Mitchell Jenkins*, for defendant.

FLANNERY, J., August 2, 1955.—This matter is before the court on plaintiffs' preliminary objections to defendant's answer containing new matter.

Plaintiffs brought this action in assumpsit for $5,000, the face amount of a policy of insurance issued by defendant, insuring the household furniture and the personal effects in plaintiffs' real estate at Mountaintop, Rice Township, Luzerne County.

In its answer containing new matter, defendant alleged that plaintiffs swore falsely in the proofs of loss by concealaing the origin of the fire, thereby breaching one of the conditions of the policy and voiding it.

The defense is set forth as follows:

"13. That in and by the contract and policy of insurance issued by the defendant to the plaintiffs it was. provided, inter alia, as follows:

" '*Concealment, Fraud*—This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.'

"20. That on or about March 30, 1954, the plaintiffs furnished to the defendant papers purporting to be proofs of loss wherein they averred that the cause of the origin of the fire was 'unknown', and that the plaintiffs, willfully and deliberately, with intent to cheat and defraud the defendant by such allegation as to cause or origin of the fire, endeavored to conceal the cause or origin of said fire, well knowing that if they disclosed such cause there would be no liability under the terms of the policy."

In their preliminary objections plaintiffs contend the new matter is insufficient in that "it does not set forth in paragraph 20 the cause of the fire which it is alleged was concealed by the plaintiffs in the proofs of loss".

Rule 1030 of the Rules of Civil Procedure provides that the defense of fraud, being an affirmative defense, shall be pleaded in a responsive pleading under the heading new matter; rule 1019 (*a*) provides that the material facts on which a cause of action or defense is based shall be stated in a concise and summary form, and rule 1019(*b*) provides that averments of fraud or mistake shall be averred with particularly. And 2 Anderson Pa. Civ. Prac. 370, elaborates on these provisions, as follows:

"Fraud and mistake must be pleaded with particularity. This to some extent departs from the principle of pleading the material facts in a concise and summary form. The requirement of such particularity is in harmony with the general policy of the law that

before relief may be granted for fraud or mistake, the party alleging such conduct must clearly prove its existence."

But this does not require the pleading of evidence. The Practice Act of 1915 prohibits the inclusion of evidence by which the facts would be proved, and the rule has not been changed. See section 5 of the Practice Act of May 14, 1915, P. L. 483, 12 PS §386, and 2 Anderson Pa. Civ. Prac. 311.

In the instant case defendant contends that paragraphs 13 and 20 when read together allege:

1. The condition in the policy for recovery thereon which stipulates that the contract shall be void in case of fraud or false swearing by claimant.

2. The breach thereof by plaintiffs in swearing in the proofs of loss that the cause of the fire was unknown, whereby they endeavored to conceal the cause with intent to cheat and defraud defendant, knowing that if they disclosed the cause there would be no liability under the policy.

Must the new matter contain an averment spelling out the cause of the fire, as contended by plaintiffs, or is defendant's pleading sufficient as framed? We are of the opinion that it is sufficiently specific. Defendant alleges a condition of the policy and the breach of this condition in concealing the origin of the fire. In Higgs v. New York Fire Insurance Company, 176 Pa. Superior Ct. 310, the new matter there in question alleged that plaintiff's loss claim was willfully exaggerated with intent to cheat and defraud defendant insurance company, that the policy provided for voiding when the insured willfully conceals or misrepresents a material fact and that the proof of loss alleged $2,484.22 damages, but the actual loss was no more than $392.40. In that case the court sustained the new matter, saying at page 312:

"The pinch of this case is that defendant has pleaded willful fraud on the part of the plaintiffs and should

be permitted to introduce proof thereof as an affirmative defense. The sufficiency of the evidence of fraud is a matter for the Court below at trial. Defendant's new matter was proper and the preliminary objections thereto should have been overruled."

The burden will be on defendant at the trial of the case to produce all the evidence it can concerning the origin of the fire and to produce evidence showing plaintiffs knew the facts and willfully concealed them. The court at that time will pass on the sufficiency of such evidence. As the court observed in Gallagher v. Merry, 366 Pa. 258, at page 261:

"It is more desirable, when fraud is charged, to pass upon the merits of the cases rather than to rely upon technicalities of pleading. . . ."

Therefore, plaintiffs' preliminary objections to defendant's answer containing new matter are overruled.