## Fenster v. Moskowitz

*Benjamin Kuby*, for plaintiff.
*B. J. Shane*, for defendant.

OLIVER, P. J., January 24, 1958.—In these proceedings there was offered in evidence an agreement of sale for premises 5867 Upland Street, Philadelphia, dated June 28, 1956. The sales price was $8,500. Two Hundred Dollars was paid on account at the time of signing, and an additional deposit of $300 was to be made on or before July 16, 1956. The balance of $8,000 was to be paid at settlement.

The agreement contains the following provision: ". . . Should the buyer fail to make settlement as herein provided, the sum or sums *paid* on account *are to be retained* by the seller, *either on account of the purchase money, or as compensation for the damages and expenses* he has been put to in this behalf, as the seller shall elect, and in the latter case this contract shall become null and void and all copies to be returned to seller for cancellation." (Italics supplied.)

The purchaser defaulted. The sellers then sold the property at public auction for $7,200, and brought this suit to recover $1,610, being the difference between the contract price and the amount realized at the sale, plus $510 representing costs of the sale, and less the $200 paid on account by the purchaser.

At trial before the late Judge Crumlish, without a jury, there was an attempt by defendant to show that the agreement of sale was obtained by fraud and misrepresentation, but the trial judge refused to hear any evidence related to the preliminary negotiations. Defendant also attempted to show a praecipe to mark the case of Fenster v. Moskowitz settled and discontinued; the court had an off-the-record discussion; apparently there was an attempt by plaintiffs' counsel to amend the praecipe to be marked only "discontinued and ended." Defense counsel stated he did not so amend. The trial judge refused the offer of proof.

Verdict was rendered in favor of plaintiffs in the

sum of $1,610, with interest at six percent thereon from September 28, 1956, a total of $1,690.50. Eight exceptions were filed by defendant.

The third exception is that the trial judge erred in refusing to hold that plaintiffs were limited to liquidated damages in the amount of the deposit money actually paid by defendant. We believe that exception should be sustained and that, therefore, the other exceptions need not be ruled upon in disposing of this matter.

The third exception involves the interpretation of the clause from the contract between the parties which is quoted at length in the beginning of this opinion. It is identical with the clause before this court in the case of Clair et ux. v. Noce et ux., reported in 72 D. & C. 216 (1950). As we pointed out in that opinion, the clause is *not* optional; it is mandatory. It provides that the sums paid on account *are to be retained by the seller*. It does not give him any choice, such as he would have if the clause had provided such sums *may* be retained by the seller.

True, there is a subsequent choice given the seller, but it relates *only* to the purpose for which these sums are to be applied. While he is required to retain them, he is given an option as to whether he does so as a payment "on account of the purchase money" or "as compensation for the damages and expenses he has been put to".

Therefore, in the case before us plaintiffs had to retain the moneys paid on account, and, when they promptly sold the house at public sale, they clearly elected not to retain those moneys "on account of the purchase price". Therefore, they had no choice remaining but to keep them "as compensation for the damages and expenses" they had been put to.

In Clair et ux. v. Noce et ux., we pointed out that

certain real estate sale contract printed forms provide that, in event of default, the deposit money *may* (at the option of the seller) be retained as liquidated damages.* Such language, unlike that in the contract before us, is not mandatory. The seller may retain or not, as he prefers. If he elects not to retain, quite obviously he could then follow up any of the ordinary remedies allowed a seller. But, under the contract before us, the sellers have no such choice; they *must* retain the down payment, as either a payment on account or as liquidated damages.

While our associate, the late Judge Crumlish, filed a dissenting opinion in the Noce case, supra, on page 222 he stated the question as though the contract gave the seller *"an election to retain* the money paid on account". We point out that the contract gave no right of election on that score; the money *had to be retained.* The election related solely to its application.

The only other case on the point here involved is Aspden v. Kramer, 74 D. & C. 193 (1950). There is nothing in Judge Knight's opinion which suggests that he had before him our opinion in Clair et ux. v. Noce et ux., supra; furthermore, the syllabus to Aspden v. Kramer states that the contract there involved pro-

---

* Standard printed form of agreement for the sale of real estate, no. 902, published and sold by John C. Clark Co., 1430 South Penn Square, Philadelphia, provides: "Should the purchaser fail to make settlement as herein provided or default in performing any other covenants or conditions of this agreement, the sum or sums paid on account of the purchase price may be retained by the seller as liquidated damages or on account of the purchase price, as the seller may elect, and, if retained as liquidated damages, this contract shall become null and void and cancellation shall automatically take place. Nothing herein mentioned or contained, however, shall limit or debar the seller from resorting to any appropriate remedy in law or in equity."

vided that, upon the buyer's default, "the seller *may* retain any sums paid on account 'either on account of the purchase money, or as compensation for the damages and expenses he has been put to in this behalf, as the seller shall elect' ". Also, on page 195, Judge Knight says, "a provision in an agreement for the sale of real estate, that in event of a breach by the buyer, the down payment *may* be retained by the seller, is presumed to be for the benefit of the seller, and does not prevent the seller from recovering his actual damages". From what we have already said it is clear that there is no inconsistency between that ruling (assuming that Judge Knight accurately stated the terms of the contract before him), and our ruling in Clair et ux. v. Noce et ux.

However, with due deference to Judge Knight, for whom we have the highest regard, we point out that, in the phrase above quoted, he misinterpreted the meaning of the language in the contract before him. It is clear that he based his decision upon the belief that that contract was permissive, just as though it had in fact said *"may* be retained", whereas it actually was mandatory, and provided *"are* to be retained", with no choice as to the act of retention, but only as to the application after retention.

The two cases we have discussed were referred to by Mr. Justice Jones in Broido v. Kinneman, 375 Pa. 568 at page 571, but the point involved was not decided.

Believing our decision in Clair et ux. v. Noce et ux., to be sound, we shall sustain defendant's third exception.

And now, January 24, 1958, defendant's third exception is sustained and the verdict heretofore entered in favor of plaintiffs is set aside. The court now enters judgment in favor of defendant and against plaintiffs.