Pellegrine *v.* Home Insurance Company, Appellant.

Argued November 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*Charles C. Sweet,* for appellant.

*Sanford S. Finder,* for appellee.

OPINION BY ERVIN, J., December 12, 1962:

On May 29, 1961, the plaintiff, A. Dewey Pellegrine, filed a complaint against the defendant, The

Home Insurance Company, seeking to recover from the defendant its share of a fire loss which occurred to the motion picture theater building of the plaintiff in Roscoe, Pennsylvania, under a policy of fire insurance issued by the defendant to the plaintiff. In that complaint it is alleged that the fire loss occurred on June 18, 1960. On July 13, 1961 the defendant filed its answer in which the date of the fire loss was admitted, but disputed the amount of damage claimed.

On September 23, 1961, without leave of court or agreement of the plaintiff or his counsel, the defendant filed an amended answer, averring that the fire loss took place on May 18, 1960, instead of June 18th, as set forth in the plaintiff's complaint. In its amended answer the defendant also set up a defense that the plaintiff had failed to file his suit within the one-year limitation of the policy.

On October 26, 1961 plaintiff filed a motion to strike the amended answer. On November 3, 1961 defendant filed an application for leave to file an amended answer and new matter nunc pro tunc. Argument on both matters was heard January 30, 1962. On April 19, 1962 the court below filed an opinion and order granting plaintiff's motion to strike. No disposition was made of defendant's application to amend its answer and new matter nunc pro tunc. On April 24, 1962 a petition for reargument was presented by defendant, asking for disposition of its application for amendment nunc pro tunc. On July 11, 1962 the court below refused reargument and did not dispose of defendant's application for amendment nunc pro tunc. The defendant then appealed. The plaintiff, on November 5, 1962, filed a motion to quash the appeal on the ground that the orders appealed from were interlocutory. We will first dispose of this motion.

It is true that the appellate courts of this Commonwealth have said many times that unless a special right

to appeal is expressly given by statute, an appeal will lie only from a definitive order, decree or judgment which finally determines the action: *Stadler v. Mt. Oliver Borough,* 373 Pa. 316, 95 A. 2d 776; 2 P.L.E., Appeals, §21. However, in the case of *Higgs v. New York Fire Ins. Co.,* 176 Pa. Superior Ct. 310, 106 A. 2d 860, we held that an order which removed the defendant's new matter from the case was final and appealable. In that case plaintiff commenced an action in assumpsit to recover for a loss under a fire insurance policy. The defendant filed an amended answer and new matter in which it alleged that the plaintiff's loss claim was willfully exaggerated with the intent to cheat and defraud the defendant. Plaintiff's preliminary objections to the new matter were sustained by the court below. The defendant appealed and we held that the appeal was not interlocutory. We said, at p. 311: "This order is final because it has removed defendant's new matter from the case. At the trial defendant would thereby be prevented from presenting evidence of fraud, which is the subject of the new matter."

In the case of *McGee v. Singley,* 382 Pa. 18, 22, 114 A. 2d 141, Mr. Justice, later Chief Justice, JONES, after referring to the case of *Broido v. Kinneman,* 375 Pa. 568, 101 A. 2d 647, wherein it was held that an appeal taken from an order sustaining plaintiffs' preliminary objections to defendants' counterclaim in an assumpsit action was not interlocutory, said: "Similarly, an appeal was allowed in *Higgs v. New York Fire Insurance Co.,* 176 Pa. Superior Ct. 310, 106 A. 2d 860, where, in an action of assumpsit, the lower court sustained the plaintiff's preliminary objections to new matter of the defendant. The Superior Court recognized that 'This order is final because it has removed defendant's new matter from the case. At the trial defendant would thereby be prevented from presenting

evidence of fraud, which is the subject of the new matter.' No equivalent element of finality is present in the instant case. At trial, the additional defendant will be free to press his defense of the releases executed by the original defendant." See also *Rabben v. Steinberg,* 187 Pa. Superior Ct. 28, 31, 142 A. 2d 400, where we said: "An order sustaining preliminary objections to a complaint is definitive and therefore appealable where it so restricts the pleader in respect of further amendment as, virtually, to put him out of court on the cause of action which he seeks to litigate: Sullivan v. Phila., 378 Pa. 648, 649, 107 A. 2d 854; Ciletti v. Washington, 378 Pa. 641, 107 A. 2d 871."

If the amendment and new matter are stricken, the defendant insurance company will lose its defense of the one-year policy limitation for the commencement of an action. There does not seem to be any dispute as to the fact that the fire occurred on May 18, 1960 and that the complaint in assumpsit was not filed until May 29, 1961, more than one year after the loss occurred. This defense would probably be determinative of the entire case and, therefore, we are of the opinion that there was a finality to the order of the court below which makes the case appealable.

We also are of the opinion that the defendant should have been entitled to an order nunc pro tunc permitting it to amend its answer setting forth the correct date of the fire and to amend its new matter by claiming the defense of the one-year policy limitation.

The court below denied the defendant's application because it was of the opinion that to do so would prejudice the rights of the plaintiff. With this we cannot agree. Nothing occurred between July 13, 1961, when the original answer was filed, and September 23, 1961, when the amended answer was filed, to prejudice the plaintiff's rights. The plaintiff filed his original complaint on May 29, 1961, which was more than one year

after the date when the fire actually occurred. Permitting the defendant to file the amended answer would in no way prejudice the plaintiff. This is not a case where the defendant has waited until trial and then sought to amend in order to gain some unfair advantage. The application for leave to amend nunc pro tunc was presented considerably in advance of the time for trial. Pa. R. C. P. No. 1033 provides: "A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

2A Anderson Pa. Civ. Pract. 404 states: "As in all cases, the discretion of the court in acting upon applications for amendments is a judicial discretion as distinguished from mere whim or caprice. Accordingly, in the absence of a proper and compelling ground for refusing an amendment the court must grant leave to amend. Its refusal to do so under such circumstances is an abuse of discretion which is reversible on appeal."

Goodrich-Amram, §1033-1 and §1033-7, states: "1033-1. . . . Historically, the right of amendment in Pennsylvania has always been generous, and the courts have been liberal in interpreting the various statutes passed to codify the right to amend.

. . .

"1033-7. . . . This gives the defendant a broader right to amend than existed in the prior practice. It removes the uncertainty over the right of the defendant to amend without leave of court to meet formal or substantive objections raised by the plaintiff. It eliminates the double nomenclature of 'supplemental' and 'amended' answers. It excludes any time limitation on

the allowance of the amendment, and the court may permit the amendment 'at any time,' provided the application is made sufficiently in advance of trial so as not to prejudice the position of the plaintiff. Of course, after a trial and verdict, and the grant of a new trial, a defendant should be denied the right to change completely the nature of his defense, as by an amendment which for the first time denies agency in a trespass action. It would be an abuse of discretion to permit such an amendment." To like effect see *Fisher v. Hill*, 368 Pa. 53, 81 A. 2d 860.

If the amendment is not permitted, the defendant will be greatly prejudiced. In the application for amendment nunc pro tunc it is stated that there are three companion cases wherein the plaintiff in the present case has instituted suit against three other insurance companies seeking damages for the same fire as is involved in the present case. In the three companion cases, which were started later than the present case, the defendants learned the correct date of the fire before being obliged to file their answers. It would seem to be quite unfair to permit these defendants to raise the one-year policy limitation and to deny the same right to the defendant in the present case.

Since the defendant accepted as true the sworn but incorrect statement of the plaintiff, who would normally have the best means of knowledge, as to the exact date of the fire, it would be unfair not to allow an amendment to aver the correct date promptly upon defendant's learning it within a reasonable time after the expiration of the twenty day period. If the date of the fire is actually June 18 rather than May 18, the plaintiff can prove it and the defense of the statute of limitations will fail.

Order reversed and the case is remanded to the court below for further action not inconsistent with this opinion.